Robert F. Nunez III, Asst. U. S. Atty., Tampa, Fla., for plaintiff.

Tom Whitaker, Jr., Tampa, Fla., for defendant.

BARKER, Chief Judge.

Petitioner, Lino Urrutia, filed in this Court, on July 25, 1957, a petition for the issuance of a writ coram nobis, seeking to set aside a judgment of conviction in this Court, dated February 28, 1935, for the illegal possession of counterfeit obligations of the United States. The petitioner states as grounds for setting aside the judgment of conviction that he was not represented by counsel at his trial; that he pleaded guilty to the indictment and served the sentence of the judgment.

The history of the situation in which the petitioner finds himself is as follows:

Petitioner was convicted on February 28, 1935, in this Court, upon a plea of ·guilty. The judgment of the Court recites that petitioner was "attended by ·counsel." The petitioner served the sentence imposed by the Court. In 1939 the

**UNITED STATES of America,
Plaintiff,**

v.

**Lino URRUTIA, Defendant.**

**Crim. No. 3963 T.**

United States District Court
S. D. Florida,
Tampa Division.

Oct. 28, 1957.

petitioner was convicted in the State of New York of third-degree robbery.

On August 9, 1954, petitioner was convicted in the State of New York of the offense of possession of narcotics, upon a plea of guilty.

The petition further shows that petitioner violated parole.

The petitioner first made a move to set aside the conviction of 1935 on or about November 3, 1955 by motion under Title 28, par. 2255, U.S.C.A., filed in the Northern District of New York, which was denied without prejudice. On February 27, 1956, petitioner filed in this Court a petition for habeas corpus, which was denied. On October 22, 1956, petitioner filed in the District Court of the Northern District of New York a petition for writ of habeas corpus, which was also denied. Thereafter petitioner filed a petition for a certificate of probable cause in the District Court, Northern District of New York, which was denied on or about December 6, 1956. On or about January 28, 1957, petitioner filed a petition for a certificate of probable cause in the United States Circuit Court of Appeals, 2nd Circuit, which was denied.

The file in this case in this Court shows that on February 26, 1948, petitioner wrote to the Clerk of this Court, requesting a copy of the indictment and other information concerning "my case in your court." A certified copy of the indictment and commitment was sent to petitioner and paid for by petitioner.

The Court appointed counsel to represent petitioner in presenting his petition for writ coram nobis. After argument by counsel for petitioner and counsel for the United States at the hearing of the petition, the Court entered an order denying the petition and allowing petitioner 20 days in which to amend his petition. The grounds for denying the petition were that the petition failed to allege "sound reasons existing for failure to seek appropriate earlier relief", and that petition failed to show that petitioner was not advised of his right to counsel.

The petitioner filed an amended petition through his counsel, in which it is alleged that under the decision in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, it is not necessary to make allegations of sound reasons for not seeking appropriate earlier relief. Attached to the amended petition is an affidavit by petitioner in which he states that he was not advised as to his constitutional right to have counsel. No grounds or reasons are set up in the amended petition explaining the delay in seeking appropriate relief.

The Court is of the opinion that the petitioner is in error in his interpretation of the case of Johnson v. Zerbst, supra. The Supreme Court in U. S. v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 253, 98 L.Ed. 248, in which it had before it a case almost identical with the case at bar, discussed the Johnson case and held that coram nobis could issue if there were "Sound reasons existing for failure to seek appropriate earlier relief." We do not believe that any such sound reasons were shown either by the petition, the amended petition or the record.

The petitioner was convicted in this Court in 1935. In 1948 he received, at his request, a certified copy of the indictment and commitment. In November 1955, he first began a series of attempts to vacate and set aside the judgment of conviction. The petition now before the Court was filed on July 25, 1957. There elapsed between conviction and the first move of the petitioner for relief a period of over 20 years. It is worthy of note that petitioner took an interest in this cause in 1948, when he asked for and received a copy of the indictment and commitment, but he made no move until seven years thereafter to seek appropriate relief. The petition now before the Court was filed more than 22 years after conviction. Under the decisions in U. S. v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 and Gordon v. U. S., 5 Cir., 216 F.2d 495, it is, thereupon—

Ordered and adjudged that the petition of the defendant for a writ coram nobis, is hereby denied with prejudice.