### JACKSON v. UNITED STATES.
### No. 6823.

United States Court of Appeals Fourth Circuit.

Argued June 18, 1954.

Decided July 8, 1954.

**486**

William H. Jackson, pro se, on brief.

Herbert H. Hubbard, Asst. U. S. Atty., Baltimore, Md. (George Cochran Doub, U. S. Atty., Baltimore, Md., on brief), for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and TIMMERMAN, District Judge.

PER CURIAM.

This is an appeal from the denial of a motion under 28 U.S.C. § 2255 to vacate a judgment and sentence entered upon a plea of guilty to an indictment charging the forgery of a government check in violation of 18 U.S.C. § 495. Appellant complains that he was questioned by officers of the government over a long period of time when he was under arrest and that he admitted his guilt of the crime charged because of this lengthy questioning and because he was told by them that he would receive lighter punishment if he did so. It appears, however, that appellant was represented by counsel of his own choice at the time that he entered the plea of guilty to the charge of the indictment; and, if he desired to deny his guilt of the crime charged and repudiate his confession, he should have done so at that time. A person without counsel who enters a plea of guilty because of having made a confession wrongfully obtained from him may have standing to question the judgment and sentence of the court on the ground that he has been denied due process and was ignorant of his rights at the time of entering his plea; but one who has the assistance of counsel of his own choosing may not plead ignorance and ask relief from the sentence imposed because it was greater than he expected. See Bloombaum v. United States, 4 Cir., 211 F.2d 944. There is no allegation that either appellant or his attorney was misled by anything said or done by the judge or the attorney for the United States and no ground for setting aside his plea of guilty or the sentence of the court entered thereon. When the facts showing that appellant was not entitled to the relief asked by his motion clearly appeared of record, there was, of course, no error in denying the motion without having appellant produced at the hearing.

Affirmed.