**George William HODGE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 6827.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 4, 1954.

Decided Dec. 15, 1954.

Charles A. Somma, Richmond, Va., for appellant.

Hugh E. Monteith, Asst. U. S. Atty., Sylva, N. C. (J. M. Baley, Jr., U. S. Atty., Ashville, N. C., on brief), for appellee.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and HOFFMAN, District Judge.

PER CURIAM.

This is an appeal from an order denying a motion made under 28 U.S.C. § 2255 to vacate and set aside a judgment and sentence of imprisonment. Three indictments were returned against the appellant Hodge in the court below: one charged conspiracy with other persons to violate the provisions of the Dyer Vehicle Theft Act, 18 U.S.C. §§ 2312 and 2313, another charged substantive vio-

lations of that act, and a third charged attempted bribery of a witness. The cases were consolidated for trial, and Hodge, who was represented by counsel of his own choosing and employment, went to trial under a plea of not guilty; but after the trial had proceeded for nearly a day and his guilt had been established beyond hope of an acquittal, he was allowed by the court to withdraw the plea of not guilty and enter a plea of nolo contendere to all three indictments. The taking of evidence in the case was then completed and Hodge, who had served two prior terms in the penitentiary, was given a sentence of five years imprisonment under the conspiracy indictment and four years imprisonment, later reduced to two years, under the indictment charging substantive violations of the Dyer Act. In the case of attempted bribery, judgment was suspended. No appeal was taken from the sentences, but after the lapse of several months, motion to vacate them was made under 28 U.S.C. § 2255, on the ground that the attorney representing appellant was incompetent, that the guilt of appellant was not established, that perjured testimony had knowingly been used against him, and that he did not understand the nolo contendere plea and had been denied due process of law on the hearing.

The judge who heard the motion was the one who had sentenced appellant and was thoroughly familiar with the proceedings leading up to the sentence. He very properly passed upon the motion without having appellant produced at the hearing since, as a result of the proceedings had before him, he knew that no pertinent or substantial questions of fact were raised by the motion upon which appellant's testimony could throw light. See United States v. Hayman, 342 U.S. 205, 222, 223, 72 S.Ct. 263, 96 L.Ed. 232. Out of abundance of caution, we have appointed counsel for appellant to present his case here and have had the stenographic notes of the proceedings had at the time of his trial and sentence transcribed and certified to the court as a part of the record. An examination of this transcript shows that the appellant was fairly tried, that he was competently represented by counsel on the trial, that he was unquestionably guilty and that nothing occurred on the hearing of which he has any just ground of complaint. Motion under 28 U.S.C. § 2255 may not be availed of in lieu of appeal or to re-try a case; but even if this were permissible there is nothing in the record which would entitle appellant to relief. As to the contention that appellant did not understand the plea he was entering, the answer is that he was represented by counsel who did understand it and who entered it after consulting with appellant and evidently in the hope that a lighter sentence would be imposed upon such plea than upon a conviction after a useless fight in the face of evidence which established guilt beyond peradventure. See Jackson v. United States, 4 Cir., 214 F.2d 485; Bloombaum v. United States, 4 Cir., 211 F.2d 944. The contention as to the use of perjured testimony amounts to no more than that a codefendant changed his testimony between the preliminary hearing and the trial and was examined as a witness against appellant by the prosecuting attorney. His testimony then given was amply corroborated by facts and circumstances otherwise established.

Affirmed.