Carl HUNT, Appellant,

v.

UNITED STATES of America,
Appellee.

Robert Michael HICKMAN and Robert
Theodore Weaver, Appellants,

v.

UNITED STATES of America,
Appellee.

Nos. 15281, 15282.

United States Court of Appeals
Eighth Circuit.

April 9, 1956.

Rehearing Denied in No. 15282
May 11, 1956.

James J. Rankin, St. Louis, Mo., filed
brief for appellant Carl Hunt.

John T. Sluggett, III, St. Louis, Mo.,
filed brief for appellants Robert Michael
Hickman and Robert Theodore Weaver.

Harry Richards, U. S. Atty., and
Wayne H. Bigler, Jr., and William K.
Stanard, II, Asst. U. S. Attys., St.
Louis, Mo., filed brief for appellee.

Before SANBORN, JOHNSEN and
VOGEL, Circuit Judges.

SANBORN, Circuit Judge.

Robert Michael Hickman, Robert
Theodore Weaver and Carl Hunt were,
on October 13, 1954, charged by indict-
ment with the armed robbery on July 27,
1954, of the Bank of Pevely, Pevely, Mis-
souri, a federally insured bank. In the
first count of the indictment, Hickman
and Weaver were charged with commit-
ting the robbery, and in the second count
Hunt was charged with aiding and abet-
ting them in committing it. Each of the
defendants entered a plea of not guilty.
They were tried to a jury, convicted and
sentenced, and have appealed.

The only points raised by Hunt
on his appeal are that the trial court
erred in refusing to declare a mistrial be-
cause of remarks of Government counsel
in his closing argument to the jury,
which remarks Hunt contends amounted
to a reference to his failure to testify,
and that the court also erred in refusing
his request that the jury be instructed to
disregard the remarks.

The remarks complained of by Hunt we do not find in the record on his appeal, but we shall assume that they were as stated in his brief. It appears that in his closing argument to the jury, counsel for the Government said:

"Now, in connection with the argument of Mr. Rankin, who is counsel for Mr. Hunt, there are one or two points I would like to make. The first one is about that fingerprint. I feel that there can be no question in your mind that that fingerprint that was found in the Oldsmobile was the defendant, Carl Hunt's fingerprint. Mr. Rankin mentioned several times that Mr. Hunt is a mechanic and although he did not say so, I think that he would like to create some sort of an inference that perhaps Mr. Hunt worked on this Oldsmobile sometime. Now, I put it to you if he had there would have been evidence introduced to that effect, but on the contrary —"

Counsel for Hunt, out of the hearing of the jury, then said:

"Your Honor, I feel that that remark just made there is a comment upon the failure of the defendant to testify in this case, and that it is error to the extent that I feel constrained to ask for a mistrial because of it. The remark that he made there that Mr. Rankin has inferred that Hunt at one time or another worked upon that automobile and that Mr. Stanard went on to say that if he had there would be some evidence of it, that is indicating that Hunt would have testified to that effect. I think that is a comment on his failure to testify and I ask for a mistrial because of that."

To this statement, counsel for the Government replied:

"Certainly there could have been evidence other than by the defendant as to whether or not that automobile had been in there, and I was going on to state about Crowe's direct testimony that he [Hunt] never worked on it. Mr. Crowe testified that he did not know Hunt, Hunt had never worked on his car, that in my statement I think would have been evidence, I do not think that that is a comment on Mr. Hunt's failure to testify."

The court overruled Hunt's request for a mistrial, and overruled a further request that the jury be instructed to disregard the remarks complained of by Hunt's counsel.

It may be that if the evidence had conclusively shown that Hunt was the only person who could have testified that he, as a mechanic, had legitimately worked on the automobile which was, without the knowledge of its owner, used in connection with the robbery of the bank, there might be some basis for the assertion that Government counsel was indirectly attempting to comment upon Hunt's failure to testify; but if Hunt had, in fact, worked as a mechanic upon the automobile, evidence other than his own would, no doubt, have been available and would or could have been produced by other witnesses. We regard the remarks of Government counsel in this regard as not improper. They certainly did not call for either a mistrial or for a warning to the jury. Compare, Gargotta v. United States, 8 Cir., 77 F.2d 977, 978. Moreover, the court in its charge gave the following instruction:

"A defendant is not required under the law to take the witness stand. He cannot be compelled to testify at all, and if he fails to do so no inference unfavorable to him may be drawn from that fact."

The only assertion of error made by Hickman and Weaver is that "The Court erred in excluding the official records of the Missouri State Highway Patrol which were kept in the regular course of business and under the direction and supervision of the commanding officer." Hickman and Weaver in their brief make the following statement, which we shall accept for the purposes of this opinion:

"During the trial, the defendants attempted to show and to introduce into evidence the official records of the Missouri State Highway Patrol with respect to the investigation of the bank robbery and of the subsequent police lineups, and the following took place:

"Sergeant Louis Feco, a witness for the defense, having previously identified himself as a State Highway Trooper, and having testified that he was in court in response to a subpoena duces tecum, and that he was in custody of the official records of the State Highway Patrol, records which were kept in the regular course of business and under the supervision and direction of Captain Oliver, troop captain, was asked to read the official records, as follows:

"Question by Mr. Sluggett [counsel for Hickman and Weaver]: 'Would you read that exhibit to the Court and Jury?'

"Mr. Bigler [co-counsel for the Government] says, 'I object on the grounds, your Honor, that the proposed exhibit is hearsay, for one thing. It describes in such general language what it purports to say that it is subject to a number of interpretations; and the original person making the description should be here to further make it more exact.'

"The Court: 'Objection sustained.'

"Mr. Sluggett: 'I offer to prove by Defendants' Exhibit E, by and through the witness, who is a Trooper and in custody of the official records of the Missouri State Highway Patrol, that as of this memorandum issued from the dispatching room of the Missouri State Highway Patrol, that two partial identifications of one Lawrence Young was made on this date, July 27th, 1954, by Mr. R. W. Hornsey of Pevely and also by Mr. Weber of Route 2, Festus.'

" 'Now, the purpose of my offer is this, Judge: as to the objection, that would not go to the admissibility of this instrument or this exhibit but would merely go to its credibility, if the document could have credibility—maybe I am not making myself clear—whether it is ambiguous or not on its face does not make any difference as to its admissibility. This goes to the heart of the identification. They identified several people other than the defendants in this case and it goes to the heart of this.'

"The Court: 'I believe the Court has already ruled. The ruling stands.'

"Then Mr. Sluggett, having identified through Sgt. Feco, Defendants' Exhibit F, which consisted of two pages and was identified as part of the official records, and that the records were kept under the supervision of Captain Oliver in the regular course of business, the following transpired:

"Mr. Sluggett: 'If your Honor please, the witness has identified Defendants' Exhibit F; and at this time I desire to introduce Exhibit F into evidence.'

"Mr. Bigler: 'Objection on the grounds that it is clear hearsay, your Honor. It is a narrative report of almost all the evidence we have in this case and the man that made the report is not the witness here.'

"Mr. Sluggett: 'If your Honor please, it is a well-recognized exception to the hearsay rule; records kept in the regular scope of business under the supervision and direction of the Captain, as it is in this instance—'

"The Court: 'Objection overruled.'

"Mr. Sluggett: 'At this time, if your Honor please—'

"The Court: 'Wait a minute. I had a lapse there.'

"Mr. Bigler: 'My objection was on the basis that it was hearsay, just a narrative of events.'

"The Court: 'The objection is sustained.'

*    *    *    *    *    *

"At the close of Sgt. Feco's examination, Mr. Sluggett made one last effort to offer Defendants' Exhibits F, E and G, heretofore mentioned, and there was an objection thereto, and the objection was sustained and offer denied.

"The defendants then introduced Mr. W. L. Hutchings, who identified himself as a Trooper of the Missouri State Highway Patrol who conducted the investigation; and once again counsel endeavored to introduce official records, Exhibit H, and the evidence was excluded."

Under the title "Argument", counsel for Hickman and Weaver say in their brief:

"Mr. Hornsey [cashier of the bank at the time of the robbery] made no attempt whatsoever to identify Hickman but made several feeble attempts to identify appellant Weaver though he admitted that he had identified other parties and was mistaken.

"Mr. Edward Coplin testified for the Government that he has seen Hickman once or twice before, three or four years ago when he [Coplin] was eleven years of age; that he saw a man leave a car seventy-five yards down Horine Road and run into some bushes; and that he is not sure whether the man on the road was Hickman or not. He made no attempt to identify Weaver.

"William Weber, the bank officer, while making no attempt to identify Hickman, positively identified Weaver even though he had on several prior occasions, positively and with a willingness to 'swear on a stack of bibles,' identified at least one, if not more other men as the bank bandits.

*    *    *    *    *    *

"* * * Under the decisions, statements offered as self-contradictions are admissible not as an assertion to be credited but merely as constituting an inconsistency which indicates that the witness is in error in one or the other statements, and such statements are not considered hearsay but are admissible as a well-recognized exception to the rule excluding hearsay evidence. Citing Murray v. United States, 10 F.2d 409; Southern Transport Co. v. Ashford, 5 Cir., 48 F.2d 191. Appellants further rely on Title 28, Section 1732, U.S.C.A., which in substance states that in any United States Court, any writing or record, whether in the form of an entry, book, or otherwise made as a memorandum or record of an act, transaction, occurrence or event, shall be admissible if made in the regular course of business."

The Government, in response to this argument, asserts that the court properly refused to admit in evidence the reports of the State Highway Patrol concerning the robbery which were objected to as hearsay, citing Clainos v. United States, 82 U.S.App.D.C. 278, 163 F.2d 593; Gencarella v. Fyfe, 1 Cir., 171 F.2d 419, 421–423; Gilbert v. Gulf Oil Corporation, 4 Cir., 175 F.2d 705, 709–710; Moran v. Pittsburgh-Des Moines Steel Co., D.C.W.D.Pa., 86 F. Supp. 255, 279–280. To these authorities might have been added: Palmer v. Hoffman, 318 U.S. 109, 111–115, 63 S. Ct. 477, 87 L.Ed. 465, and New York Life Ins. Co. v. Taylor, 79 U.S.App.D. C. 66, 147 F.2d 297, 300–301, 302–306. The Government also asserts in its brief that the records of the Highway Patrol contained nothing which was contrary to or inconsistent with the testimony of the Government witnesses.

The reports of the Highway Patrol concerning the robbery could have been used by the defendants in cross-examining the Government witnesses as to statements made by them to the investigating officers. If such wit-

nesses had denied statements attributed to them in the reports, the officers who investigated the robbery and made the reports could, no doubt, if called upon to testify, have refreshed their recollection from the reports as to what was said to them, during their investigation, by the witnesses for the Government. No adequate offer of proof was made respecting the records, and, from what meagre information as to their contents can be gleaned from the record on appeal and the briefs of the defendants, we cannot say that the trial court erred in refusing to admit the records in evidence or that the defendants could have derived any benefit from their introduction, had they been received. The burden of demonstrating both error and prejudice is upon the defendants, and that burden has not been sustained. Compare, Palmer v. Hoffman, supra, at page 116 of 318 U.S., at page 481 of 63 S.Ct.

The judgments appealed from are affirmed.