Robert Michael HICKMAN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 15717.

United States Court of Appeals
Eighth Circuit.

June 5, 1957.

Rehearing Denied July 31, 1957.

Robert Michael Hickman filed brief pro se.

Harry Richards, U. S. Atty., and Wayne H. Bigler, Jr., and Robert C. Tucker, Asst. U. S. Attys., St. Louis, Mo., filed brief for appellee.

Before SANBORN, WOODROUGH and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

The Bank of Pevely, Pevely, Missouri, a federally insured bank, was, in the early afternoon of July 27, 1954, robbed of approximately $40,000 by two armed men in coveralls, one having much of his face covered with what looked like a baby's diaper, and the other wearing sun glasses. They came to the bank in a stolen car, driven by an accomplice, and left with their loot in the same way. As a result of an investigation by the Federal Bureau of Investigation and local authorities, Robert Michael Hickman, Robert Theodore Weaver and Carl Hunt were, on October 13, 1954, charged, by an indictment of a federal grand jury, with having committed the robbery. Each of the defendants entered a plea of not guilty. Each was represented by counsel of his own choice. They were

tried to a jury, which found each of them guilty. From the judgments and sentences imposed by the court upon the jury's verdict, each of them appealed. Their convictions were affirmed by this Court on April 9, 1956, in Hunt v. United States; and Hickman (and Weaver) v. United States, 8 Cir., 231 F.2d 784.

Hickman on November 26, 1956, filed in the District Court the following motion for the vacation of his sentence under 28 U.S.C. § 2255:

"Comes now Robert Michael Hickman, your petitioner in the above numbered and Title cause who moves this Honorable Court to issue an order in Acceptance of this Motion and to Vacate the now existing Judgment of Twenty-two and One-half years by virtue of a Trial by Jury on December 20th, 1954. The foregoing appended brief supports the authority as well as the Jurisdiction of this Motion in Law and cause. Your petitioner further states that the Court, as well as the prosecution erred in with-holding known perjured testimony from the Jury before and after its deliberation of purely circumstantial evidence as attested to in the prosecutions opening statement before the Honorable Court. In view of the presented facts—showing a grave prejudicial error, petitioner prays that such an order be issued."

The brief which was appended to this motion to vacate sentence was not as clear as it might be. It shows that one of the Government's witnesses was a man named Jett who had been brought from the Illinois State Penitentiary at Menard, Illinois, by writ of habeas corpus ad testificandum. On cross-examination he was asked by Hickman's counsel whether he had ever been convicted of a felony. He answered "no". Jett, according to Hickman, had a long criminal record, and he contends that this was concealed from the jury deliberately. The testimony of Jett was unquestionably injurious to Hickman, since it indicated that he had, previous to the robbery, twice before planned or proposed to rob the Pevely Bank in the exact way that it was robbed, and had extended an invitation to Jett to participate in the proposed robbery. Hickman, in the brief appended to his motion, says that Jett's testimony was perjurious and demonstrably so, and that:

"At the close of examination by Mr. Sluggett, petitioner, the accused in this case, reminded his Counsel in somewhat of a frame of anger to further pursue the perjury of this witness, Mr. Jett. He asked his Counsel, Mr. Sluggett to place the Warden of Menard Prison on the stand (a spectator in the Court having Mr. Jett under his authority). The justified intent of the defense Counsel was interrupted by the Court. And at the direction that it be out of hearing of the Jury. The independent truth of this allegation is true in that it stands alone, independent of conjunctives or dependent clauses. The facts presented here substantiates petitioner's injury."

Hickman also states in his brief in the District Court that he was at first indicted separately; that the indictment was dismissed; and that another indictment against all the defendants was returned, "as it was a recognized fact amongst Counsels that alone, the accused, Mr. Robert Michael Hickman could not be convicted."

Hickman also states:

"Running parallel with the trial, the accused stood under a Warrant for 'Intimidation of a State Witness' Warrant issued in August of 1954, for this charge which occurred on July 27th, 1954, between the hours of 2:00 P.M. and 4:00 P.M. (The accused is still under this Bond, and if later found guilty—a perfect and true alibi would be in evidence)."

Hickman in his brief in the District Court charged his counsel with incompetency, saying: "At the secret Bar conference [evidently referring to the conference of court and counsel out of the

hearing of the jury], Counsel for the accused failed to stand on his honor of the Bar association and to disclose both the suppression as well as the grave offense of out and out perjury in the very face of a Court of the United States of America."

Hickman asserted that his counsel and counsel for the prosecution kept his subsequent appeal from his conviction from the appellate court for over one year, and that, without objection from Hickman's counsel, the appellee's brief "in said appeal carried the injustice of the damaging testimony proven herein by facts to be false, perjured and coached, thus destroying the true circumstances both in law and injury to the accused."

Hickman further asserted in his brief in the District Court that no one positively identified him as the bandit masked with a baby's diaper, and that the evidence was inadequate to justify a finding that he had any participation in the robbery.

Hickman in his brief in the District Court also says that Jett, because of the testimony which he gave at the trial, was rewarded by a parole from a life sentence.

The following "Summary" appears at the end of the brief which was attached to Hickman's motion to vacate sentence:

"The facts related in sequence are supported by exhibits your petitioner was fortunate in obtaining under the present circumstances. In Summary, petitioner can only recapitulate:

"1) Perjured testimony of the most grave circumstances. [Apparently referring to Jett's evidence.]

"2) The unusual Government proceeding in shielding the violent character [Jett] from the Jury.

"3) Because such witness [Jett] was under a life sentence, knowing full well co-operation might help him, was under a state of duress unknown to the members of the Jury.

"#1 is supported by transcript.

"#2 is supported by newspaper clipping.

"#3 is substantiated by his [Jett's] Parole soon thereafter after serving one year of a life sentence.

"#4 is supported by attached letter of his [Jett's] relative.

"Further summarization is believed unnecessary. The facts support themselves particularly the collaboration of the accused Counsel who shielded the violent perjured character of an all important witness. Petitioner's contention is that the entire proceeding stands under collateral attack both in law and cause. Authority for this motion is relied upon from Section 2255, Title 28, U.S.C.

"In Summary therefore the Court erred in suppressing from the Jury the known act of perjury as well as damaging characterization.

"In view of the Manifest weakness of the Governments case with respect to identification, and because of the exclusion of competent and highly relevant and extremely material evidence known by the Court, Petitioner sincerely submits a prejudicial error was committed, and in so doing, denied the petitioner a fair and impartial trial as guaranteed by law; and request this Court to *Vacate* the cause or in the alternative thereof remand it with directions for a *New Trial:* For such an order your Petitioner ever prays."

The District Court on November 29, 1956, entered the following order, from which this appeal is taken:

"Under date of November 26, 1956, defendant Robert Michael Hickman filed motion to vacate sentence.

"From an examination of the present pending motion and from an examination of the files and records in the case, which show conclusively that the defendant Robert Michael Hickman is entitled to no relief, we find that defendant Robert Michael

Hickman is entitled to no relief under the present motion and that the same is without merit.

"It Is, Therefore, Ordered that the said motion be and the same is hereby overruled."

Thereafter the District Court denied Hickman leave to appeal in forma pauperis from the above order. This Court granted him leave to submit his appeal upon the original files of the District Court and a typewritten brief.

The record on appeal contains a transcript of the testimony of the witness Jett, the testimony of the bank personnel who witnessed the robbery, some of the testimony for the defendants, the closing argument of counsel for the Government to the jury, and the court's charge.

We have carefully examined the record for the purpose of ascertaining whether there is in it any basis for believing that Hickman's sentence is subject to collateral attack or that any issue which called for a hearing was raised by his motion to vacate.[1]

There are two things which the testimony contained in the record indicates. The first is that the question of the guilt or innocence of Hickman was clearly a question of fact for the jury, and was conclusively settled by its verdict. The second is that his assertion that his counsel was incompetent or negligent is baseless.

■ The complaints of Hickman virtually all relate to alleged errors of law or fact which occurred during his trial and which could have been considered by this Court only on his appeal from the judgment of conviction. See and compare, Wallace v. United States, 8 Cir., 174 F.2d 112, 118, certiorari denied 337 U.S. 947, 69 S.Ct. 1505, 93 L.Ed. 1749; Story v. United States, 8 Cir., 174 F.2d 120, certiorari denied 337 U.S. 947, 69 S.Ct. 1505, 93 L.Ed. 1749; Hilliard v. United States, 4 Cir., 185 F.2d 454; United States v. Rosenberg, 2 Cir., 200 F.2d 666, 668, certiorari denied 345 U.S. 965, 73 S.Ct. 949, 97 L.Ed. 1384, rehearing denied Sobell v. U. S., 345 U.S. 1003, 73 S.Ct. 1131, 97 L.Ed. 1408; Klein v. United States, 7 Cir., 204 F.2d 513, 514; United States v. Spadafora, 7 Cir., 207 F. 2d 291, 293; Hodge v. United States, 4 Cir., 217 F.2d 716, certiorari denied 349 U.S. 959, 75 S.Ct. 889, 99 L.Ed. 1282.

■ The record shows that the jury could not have been misled as to the character or credibility of the Government witness Jett because of his false answer to the question whether he had been convicted of a felony. To negative any possible inference that counsel for the Government sat silently by and inferentially sanctioned the false answer, the record shows that in his closing argument he told the jury that Jett was an inmate of the Illinois Penitentiary, serving time for a felony to which he had entered a plea of guilty, but that, in answering "no" to the question whether he had ever been convicted of a felony, Jett may possibly have thought there was a distinction between a plea and a conviction.

It is our opinion that, after the affirmance of Hickman's conviction by this Court in 231 F.2d 784, his sentence was invulnerable to attack for any errors or irregularities which occurred at his trial, and which were reviewed or which were reviewable on his appeal.

---

1. Section 2255, Title 28 U.S.C., provides: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."

We find in the record no basis for disturbing the District Court's order summarily denying Hickman's motion to vacate his sentence or, in the alternative, to grant him a new trial.

 We take the liberty of saying that if, perchance, Hickman is the innocent victim of circumstance or false swearing, his remedy is by application for executive clemency, and not by motion for a vacation or modification of his sentence.

If he wishes to apply to the United States Supreme Court for certiorari from this decision, he may do so without prepayment of any Clerk's fees or costs in this Court.

The order appealed from is affirmed.