**Robert Theodore WEAVER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16076.**

United States Court of Appeals
Eighth Circuit.

March 4, 1959.

Robert Theodore Weaver, pro se.

Harry Richards, U. S. Atty., and Wayne H. Bigler, Jr., Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before JOHNSEN, VOGEL and MATTHES, Circuit Judges.

JOHNSEN, Circuit Judge.

The appeal is from an order denying, without a hearing, appellant's motion to have his sentence vacated. While the motion has been designated by appellant as "in the nature of a writ of error coram nobis", it is in its nature and effect one under 28 U.S.C.A. § 2255.

Appellant had been convicted and sentenced, under 18 U.S.C.A. § 2113(d), with one Hickman and one Hunt, for armed robbery of the Bank of Pevely, Pevely, Missouri, a federally insured institution. The sum taken from the Bank was $40,173 in cash. The convictions of all three defendants were affirmed by us on appeal. Hunt v. United States, 8 Cir., 231 F.2d 784.

Hickman was the first to resort to a § 2255 proceeding—which has almost become routine process in long-sentence cases. His motion was denied without a hearing, and we affirmed the denial. Hickman v. United States, 8 Cir., 246 F.2d 178. Now appellant Weaver is taking his turn at such an attack.

Appellant renews one of Hickman's contentions—that the Government knowingly had used perjured testimony to convict. We held in Hickman's case that the files and records conclusively showed that there was no possible basis in the situation for relief on this ground.

The perjury claimed lay in the fact that a witness named Jett had answered "No" to a question on cross-examination as to whether he ever had been convicted of a felony. Jett was at the time he testified an inmate of the Illinois State Penitentiary, under a sentence for a state offense, to which he had entered a plea of guilty. The record showed that Government counsel had informed the jury of Jett's prisoner-status and in his closing argument to it had suggested, as relating to whether Jett's credibility was involved, that it give consideration to whether Jett had deliberately answered the question falsely, or whether it was possible that he had regarded his plea of guilty as not having the significance of a trial conviction.

On these facts we held that "The record shows that the jury could not have been misled as to the character or credibility of the Government witness Jett because of his false answer to the question whether he had been convicted of a felony", and that there thus was no occasion to grant a hearing on the motion to vacate. 246 F.2d at page 181. The legal situation which we held existed necessarily would be as controlling of appellant's contention as of Hickman's.

But there is another reason on the record why Jett's false answer would not be entitled to any consideration in appellant's situation. Jett's testimony was against Hickman alone and not against appellant. And the facts to which Jett testified had no relationship to whether appellant had participated in the robbery, and contained no implication against him otherwise. Nor was there anything in the Government's other evidence that in any way linked appellant to the events to which Jett testified against Hickman. Also, the court took the precaution of specifically in-

structing the jury that Jett's testimony had application to Hickman only and could not be considered by it in any manner in its determination of the guilt or innocence of the other two defendants. In this situation, Jett's testimony had not constituted a process in appellant's conviction and could therefore have no relevancy or materiality in a § 2255 motion by him.

Appellant's motion attempts to assert a second ground for hearing, but as to this also the files and records conclusively show that appellant would be entitled to no relief. He claims that he did not have the effective assistance of counsel, in that his lawyer was representing one of the witnesses for the Government in another matter, of which he was unaware until after the trial. He says that because of this relationship his lawyer did not cross-examine the witness as he should have done.

But, as his motion papers show, this contention too is related to the testimony of the witness Jett. What we have said above, as to Jett's testimony being received against and having application to defendant Hickman only, leaves the contention with the same impossibility of substance for vacating his sentence as the one discussed above. There was nothing in Jett's testimony for appellant's counsel to test or attempt to affect in appellant's behalf. Thus no right of cross-examination existed in appellant's favor.

As a third basis in his motion, appellant alleges that he was prejudiced by the refusal of his counsel to call one Staples as a witness in the case. He says that Staples, like Jett, was unbeknownst to him a client of his lawyer. What he claims, however, that his lawyer could and should have undertaken to prove by Staples was that the latter had been promised leniency in a state case pending against him, if he testified favorably for the Government in the trial here involved.

The Government had subpoenaed Staples but did not use him as a witness.

In this situation, there was no way that appellant's counsel could have called Staples to the stand to prove that a promise of leniency had been made to him, if this was the fact. The fact would not constitute any evidence of appellant's innocence. It could have relevance only in such relationship as it might bear to the force of any probative testimony that Staples attempted to give. With no testimony being given by Staples, his interest or credibility was not a question in the case. And appellant makes no claim that Staples could have testified to any fact relating to or tending to prove his innocence.

Affirmed.