**Robert Theodore WEAVER, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

No. 66 C 394(2).

United States District Court
E. D. Missouri, E. D.

Jan. 11, 1967.

Robert Theodore Weaver, pro se.

Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM

MEREDITH, District Judge.

This matter is pending upon petitioner's motion under 28 U.S.C. § 2255 to vacate his sentence based on the sole ground that the indictment was insufficient to confer federal jurisdiction. The petitioner was tried and convicted of armed robbery of a federally-insured bank. This conviction was affirmed by the 8th Circuit Court of Appeals, Hunt v. United States, 231 F.2d 784 (1956). Since that time petitioner and his co-defendant Hickman have filed numerous motions to vacate sentence, which were denied by the district court, one of which was appealed and affirmed by the 8th Circuit Court of Appeals, Hickman v. United States, 246 F.2d 178 (1957). The indictment on which petitioner was convicted and which was filed with the Clerk of the United States District Court for the Eastern District of Missouri on October 13, 1954, is as follows:

"UNITED STATES OF AMERICA, Plaintiff, v. ROBERT MICHAEL HICKMAN, ROBERT THEODORE WEAVER, and CARL HUNT, Defendants. No. 27991 (1)

"The Grand Jury charges:

"That on or about the 27th day of July, 1954, at Pevely, in the County of Jefferson, in the State of Missouri, within the Eastern Division of the Eastern District of Missouri,

ROBERT MICHAEL HICKMAN, and
ROBERT THEODORE WEAVER,

defendants, KNOWINGLY, WILL-
FULLY, UNLAWFULLY and FE-
LONIOUSLY, by force and violence,
and by intimidation took from the
presence of another, to wit, Robert W.
Hornsey, William Weber, Violet Det-
zel, and Dorothy Meng, who were then
and there president, cashier, teller,
and an employee, respectively, of the
Bank of Pevely, Pevely, Missouri, cer-
tain money, to wit, the sum of
$40,174.00, more or less, of lawful
money of the United States, belonging
to and in the care, custody, control and
management and possession of said
Bank of Pevely, a banking institution
organized according to law, the deposits
of which are insured by the Federal
Deposit Insurance Corporation, under
Certificate No. 13846; that in commit-
ting the above offense, they, the said
defendants, did put in jeopardy the
lives of the said Robert W. Hornsey,
William Weber, Violet Detzel, and
Dorothy Meng, by the use of a danger-
ous weapon and device.

"In violation of Section 2113(a) and
(d), Title 18, United States Code.

F nm 10,000 or I nm 25 y or b."

The complaint of petitioner is that in
the indictment it is alleged that the
robbery was committed on the 27th day
of July, 1954, and states that the "Bank
of Pevely, a banking institution organiz-
ed according to law, the deposits of which
*are insured. * * * "* In other words,
petitioner's complaint is that the indict-
ment filed on the 13th of October does not
allege that the bank was insured on the
date of the robbery, July 27, 1954.

Rule 12(b) (2), Federal Rules of
Criminal Procedure, provides that "De-
fenses and objections based on defects
* * * in the indictment * * * may
be raised only by motion before trial.
* * * Lack of jurisdiction or the
failure of the indictment or information
to charge an offense shall be noticed
* * * at any time during the pendency

of the proceeding." This Court is of the
opinion that the indictment is not fatally
defective and that this is the type of an
attack that should have been raised by
motion prior to trial and cannot now be
attacked by a motion to vacate the judg-
ment under 28 U.S.C. § 2255. Stegall v.
United States, 259 F.2d 83 (6 Cir. 1958);
Williams v. United States, 344 F.2d 264
(8 Cir. 1965). The 8th Circuit in
*Williams,* supra, said:

"The indictment sets out the material
elements of the offenses charged and
is sufficient to enable the defendant to
understand and defend the charges
made and to preserve his rights to
assert former jeopardy in any proceed-
ings which might be taken against him.
Moreover, we have frequently held that
absent extremely unusual circumstanc-
es, the validity or sufficiency of an
indictment is not reviewable upon
appeal from an order denying a § 2255
motion. Taylor v. United States, 8
Cir., 332 F.2d 918, 919; Jackson v.
United States, 8 Cir., 325 F.2d 477,
478; Roth v. United States, 8 Cir., 295
F.2d 364, 365; Keto v. United States,
8 Cir., 189 F.2d 247, 249, 251. No
such unusual circumstances are here
shown."

The transcript of the original trial, at
page 157, shows that government's Ex-
hibit 8 was a certificate from the Federal
Deposit Insurance Corporation showing
that the deposits of the Bank of Pevely,
Pevely, Missouri, were insured. The
United States District Clerk's Office does
not have Exhibit 8 nor has the Court
been able to locate government's Exhibit
8, however, the Court did obtain from
the Bank of Pevely, Pevely, Missouri, a
photostatic copy of their Federal Deposit
Insurance Corporation certificate show-
ing that in truth and in fact their deposits
were insured from and after September
21, 1950. The indictment alleges that
the deposits of the Bank of Pevely were
insured by the Federal Deposit Insurance
Corporation under certificate No. 13846.
The photostatic copy of the Federal De-
posit Insurance Corporation certificate
insuring the Bank of Pevely is certificate

No. 13846. A photostatic copy of this certificate is attached to and made a part of this memorandum.

The motion of petitioner will be dismissed. A hearing is not required.