**Robert Theodore WEAVER, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 68 C 459(2).**

United States District Court
E. D. Missouri, E. D.

Jan. 17, 1969.

Robert Theodore Weaver, pro se.

Veryl L. Riddle, U. S. Atty., James Gordon, Asst. U. S. Atty., St. Louis, Mo., for respondent.

---

## MEMORANDUM

MEREDITH, District Judge.

Petitioner, who is presently confined in the penitentiary at Leavenworth, Kansas, moves to vacate his sentence entered on December 20, 1954, in which he was sentenced to twenty-two years and six months in the custody of the Attorney General for bank robbery and violation of 18 U.S.C. § 2113(a). Defendant is also serving a consecutive term of fifteen years imprisonment for robbery of a bank in Indiana, and a consecutive term of two years imprisonment for attempting to escape from the Leavenworth penitentiary. He further states that upon his release, he faces a ten-year sentence of imprisonment in the State of Missouri.

Petitioner was tried and convicted of armed robbery of a federally insured bank. This conviction was affirmed by the United States Court of Appeals, 231 F.2d 784 (1956). He and his co-defendants have filed numerous motions to vacate sentence, all of which were denied by the district court, one of which was appealed and affirmed by the Eighth Circuit Court of Appeals, see Hickman v. United States, 246 F.2d 178 (1957). Another motion was denied in Weaver v. United States, 265 F.Supp. 131 (1967), and the appeal was dismissed as frivolous without opinion July 20, 1967.

Weaver's present complaint is that he had an unfair trial for the reasons: (a) that the critical pretrial identification in the line-up was produced by suggestions on the part of the police, (b) that the Government failed to disclose the existence of a fifth witness, who was unable to identify the petitioner and stated he was not the man who robbed the Pevely, Missouri, bank (this witness was a Mrs. Maupin), (c) that the prosecution used false testimony, and (d) that there was no evidence that anyone in the bank was assaulted or that the life of anyone was placed in jeopardy by a dangerous weapon.

An examination of the transcript filed in the original proceedings shows that the first Government witness, Mrs. Dorothy Marie Meng, at page 123 of the transcript, on cross-examination by defendant's attorney, testified as follows:

"A   No, Mrs. Detzel was in the front with me, and Mrs. Maupin was in the back with Mr. Hornsey and Mr. Weber.

"Q   And as such Mrs. Maupin had no opportunity to observe the masked bandit, is that right?

"A   No, I don't suppose."

Defendants and their counsel had ample opportunity, if they desired, to call this witness before the jury and, in view of their vigorous cross-examination of all the witnesses, and particularly the state patrol officers, about the identification process, counsel must have concluded that calling Mrs. Maupin would not help their defense. The Court of Appeals, on the direct appeal from this conviction, went into the whole question of identification which was amply brought out before the district court and the jury at the time of trial. The petitioner's allegation concerning the prosecution's use of false testimony also relates to rulings on evidence surrounding the identification process. The record shows that the statements complained of did not mislead the trial court.

The problems which petitioner now raises about the line-up were amply presented to the district court in the original trial. Defendants' counsel had available to them the written reports of the state highway patrol which were used in cross-examination of the witnesses. They were not permitted to be introduced and shown to the jury, which matter the Court of Appeals has already reviewed in 231 F.2d 784 (8th Cir. 1956).

In effect, all of the above matters which petitioner now raises under his motion to vacate sentence have previously been passed on both by the district court and the Court of Appeals, and may be disposed of as without merit by an examination of the record.

The fourth matter raised by the petitioner, that there was no evidence produced at trial that anyone was placed in

jeopardy by a dangerous weapon, concerns the sufficiency of the evidence at trial. Questions as to sufficiency of evidence are not matters which may be raised by collateral attack under 28 U.S.C. § 2255, but must be raised on direct appeal. See Cardarella v. United States, 351 F.2d 443 (8th Cir. 1965), cert. den. 382 U.S. 1020, 86 S.Ct. 640, 15 L.Ed.2d 534 (1966).

Accordingly, the petitioner's motion to vacate his sentence will be dismissed.