Robert Theodore **WEAVER**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 19638.

United States Court of Appeals
Eighth Circuit.

Nov. 20, 1969.

Robert Theodore Weaver, pro se.

Daniel Bartlett, Jr., U. S. Atty., and James M. Gordon, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT, Chief Judge, and LAY and HEANEY, Circuit Judges.

HEANEY, Circuit Judge.

The petitioner appeals in forma pauperis from an order denying his § 2255 motion to vacate a twenty-two year six-month sentence for bank robbery in violation of 18 U.S.C. § 2113(a) and (d). This is petitioner's fourth appeal to this Court. See: Weaver v. United States, No. 18,768 (8th Cir. Appeal dismissed without opinion on July 20, 1967); Weaver v. United States, 263 F.2d 577 (8th Cir. 1959); Hunt v. United States, 231 F.2d 784 (8th Cir. 1956).

The petitioner contends that the District Court erred in failing to hold a hearing on four issues raised in his peti-

tion:[1] (1) that the prosecution knowingly used false testimony to obtain a tained conviction; (2) that no evidence was presented showing that anyone in the bank had been assaulted or that anyone had his life placed in jeopardy by a dangerous weapon; (3) that critical pretrial lineup identification was produced by improper identification techniques; and (4) that the prosecution failed to inform the petitioner or his counsel of the existence of a fifth witness to the robbery, who, after observing the petitioner in lineups stated to federal agents and local police officers that the petitioner was positively not one of the men who robbed the bank.

The petitioner also contends that the District Court erred as to a fifth issue by holding that he was not deprived of due process when the trial court did not instruct the jury as to the differences between § 2113(a) and (d), and that such error deprived the petitioner of due process.

■ The District Court properly refused to hold a hearing on Issues One and Two. The question raised in the former, although posed here in different terms, was considered in Hunt v. United States, *supra* at 785–788, and in Weaver v. United States, *supra*, and need not be reconsidered here. The question raised in the latter goes to the sufficiency of the evidence and, thus, cannot be raised in a collateral attack under § 2255 but must be raised on direct appeal. Cardarella v. United States, 351 F.2d 443 (8th Cir. 1965), cert. denied, 382 U.S. 1020, 86 S.Ct. 640, 15 L.Ed.2d 534 (1966); Hickman v. United States, 246 F.2d 178 (8th Cir.), cert. denied, 355 U.S. 874, 78 S.Ct. 126, 2 L.Ed.2d 78 (1957).

■ The record establishes to our satisfaction that there is no merit to the petitioner's contention, in Issue Three, that the identification procedures were so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law. See: Stovall v. Denno, 388 U.S. 293, 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Palmer v. Peyton, 359 F.2d 199 (4th Cir. 1966). Furthermore, the identifying witnesses were subjected to vigorous cross-examination with respect to their pre-court and in-court identifications. Compare: Pearson v. United States, 389 F.2d 684 (5th Cir. 1968).

■ The petitioner's contention, in Issue Five, that the trial court erred in failing to instruct the jury as to differences between paragraphs (a) and (d) of § 2113 was likewise properly dismissed without a hearing. West v. Garrett, 392 F.2d 543 (5th Cir. 1968); United States v. Stevens, 260 F.2d 549 (3rd Cir. 1958); Banks v. United States, 258 F.2d 318 (9th Cir.), cert. denied, 358 U.S. 886, 79 S.Ct. 128, 3 L.Ed.2d 114 (1958).

There remains the question, as to Issue Four, of whether the motion, files and records conclusively show that the petitioner was not entitled to relief and, thus, not entitled to a hearing. We find that the motion, files and records are inconclusive and that a hearing, therefore, must be granted. See: Machibroda v. United States, 368 U.S. 487, 489–496, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); Del Piano v. United States, 362 F.2d 931 (3rd Cir. 1966).

The petitioner's sworn motion alleged:

"It has only recently come to petitioner's knowledge that when the Bank' at Pevely, Missouri was robbed, the assistant cashier, Mrs. Mauplin, was present within the bank and in the same area of the bank as the two identifying witnesses. That after the robbery, Mrs. Mauplin when called upon to view petitioner stated to federal

---

1. 28 U.S.C. § 2255 provides in part:
"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. * * *"

agents and local police officers that petitioner herein was positively not the man who was wearing sun glasses, and constantly maintained this positive view throughout several personal viewings of petitioner and photographs displayed of petitioner."

The District Court stated:

"[The] allegation is insufficient to merit a hearing. Weaver does not allege that this Mrs. Mauplin was concealed from the defendant's counsel. No doubt the identity of all the bank employees present during the robbery could have been easily discovered, and probably was discovered, by the defendant's counsel. If this woman was 'positive' that Weaver was not one of the bank robbers, she would have no reason to conceal her feelings from defendant's attorney. Weaver, in his motion, alleges no reason why she was not available to testify in his behalf. In the absence of such factual allegations, Weaver's second ground must be rejected."

A review of the record and file show that at least one witness testified early in the trial that Mrs. Mauplin, a bank employee, was in the bank when the robbery occurred and was so situated that it was reasonably probable that she could observe the participants in the robbery. The transcript shows that the petitioner was present in the courtroom when this testimony was given. It follows that the petitioner's statement that he only recently learned of Mrs. Mauplin's presence in the bank at the time of the robbery is disproved by the record.

The record does not negate, however, the petitioner's sworn allegation that Mrs. Mauplin made a negative identification of the petitioner to police officers and government agents, and that they failed to communicate this fact to the petitioner or his counsel. As unbelievable as the allegation may be, it cannot be said with certainty that the petitioner is not entitled to relief.[2]

We recognize that the allegation lacks specificity and that it fails to set forth all of the information with respect to the non-disclosure that ought to be known to the petitioner. It would have been entirely proper for the District Court to have insisted that the petitioner submit additional affidavits detailing the basis of his knowledge and other relevant facts as a condition to a hearing. It was not proper, however, to summarily dismiss the petition on this state of the record. Sanders v. United States, 371 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963);[3] Stephens v. United States, 246 F.2d 607 (10th Cir. 1957).

In remanding this issue to the District Court, we leave open to it the alternative of requiring the petitioner to submit affidavits substantiating his claims for relief as a prerequisite to a full hearing. If it appears from such affidavits that the petitioner is not entitled to the relief sought, then an order to that effect may be entered. If, on the other hand, it cannot conclusively be determined that he is not entitled to relief, a hearing will be necessary. We note that if a hearing is ordered, it may well be that the facts can be developed by other witnesses without the presence

---

2. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Levin v. Katzenbach, 124 U.S.App.D.C. 158, 363 F.2d 287 (1966); United States ex rel. Meers v. Wilkins, 326 F.2d 135 (2nd Cir. 1964).

3. In Sanders v. United States, 371 U.S. 1, 19, 83 S.Ct. 1068, 1079, 10 L.Ed.2d 148 (1963), the Supreme Court stated: " * * * Petitioner's first motion under § 2255 was denied, because it stated only bald legal conclusions with no supporting factual allegations. The court had the power to deny the motion on this ground, * * * although the better course might have been to direct petitioner to amend his motion, * * *. But the denial, thus based, was not on the merits. It was merely a ruling that petitioner's pleading was deficient. * * * "

of the petitioner. Machibroda v. United States, *supra*, 368 at 495, 82 S.Ct. 510.

Finally, we note that the District Court expressed its view of the law with respect to the obligation of divulging material information to the defense counsel. Absent complete information as to all of the circumstances, we neither approve nor disapprove the trial court's statement of the law.[4]

We affirm the decision of the District Court on all issues other than Issue Four, and remand that issue to the District Court for action consistent with this opinion.

---

4. The law is not clear in this area as shown in the cases cited in note 2, *supra*.