**Jackie L. DEAN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 75-1702-C.**

United States District Court, D. Massachusetts.

Sept. 16, 1975.

Jackie L. Dean, pro se.

James N. Gabriel, U. S. Atty., William A. Brown, Asst. U. S. Atty., Boston, Mass., for respondent.

## MEMORANDUM

CAFFREY, Chief Judge,

This matter came before the Court on the basis of a petition filed under 28 U.S.C. § 2255. Petitioner moves that his conviction should be set aside and that two concurrent five-year sentences imposed for violations of 21 U.S.C. § 174 and 18 U.S.C. § 2(b) should be vacated.

Petitioner argues that he was denied effective assistance of counsel at his trial because "an attorney not familiar with the case was at the last minute substituted." He also alleges that his conviction resulted from "co-defendants' statements with no substantial real evidence."

Upon a review of the transcript of the trial and the file in the case, I rule that the petition is without merit and should be dismissed.

The relevant facts are that petitioner and others were indicted on May 27, 1971, and that he was arraigned on August 11, 1971, at which time he was represented by Attorney E. Peter Mullane of the firm of Field, Rudnitsky & Mullane. On August 31, 1971, eleven separate motions were filed on behalf of petitioner, including a motion to dismiss the indictment, a motion for separate trial, a motion for speedy trial, for wiretap evidence, for grand jury minutes, and a motion to suppress evidence.

Most of these motions, as well as motions filed by co-defendants, came on before Magistrate Davis for a hearing which began on October 20, 1971 and consumed nine days. After the Magistrate's rulings, which were negative to petitioner, the case was called on November 22, 1971 for assignment of a trial date. This date was continued and on April 21, 1972 the undersigned filed an order denying petitioner's motion to suppress the evidence. When the case was called for trial on May 30, 1972, petitioner's whereabouts were unknown to his counsel or to government counsel, a capias issued, and the case was continued.

On June 13, 1972, an associate of Mr. Mullane, Attorney Edward Rudnitsky, entered an appearance as counsel for petitioner. According to the transcript he then objected to the response filed by the government to petitioner's request for a bill of particulars, and the trial commenced. During the course of the trial, Mr. Rudnitsky vigorously cross-examined government witness Sawyers, probing into his use of heroin and the degree of petitioner's involvement or non-involvement in the conspiracy charged. He likewise cross-examined in a knowledgeable fashion the witness Sakal and displayed a familiarity with a meeting attended by petitioner in the home of one Graham. He also conducted an apparently well-informed cross-examination of government witnesses Brady, Estepp, Graham and Jenkins. During the course of these cross-examinations he explored a fight which allegedly occurred between petitioner and Graham, extracted an admission that the crime could have been committed without the assistance of petitioner, and otherwise exhibited a familiarity with the operative facts of the case.

On June 15, 1972, at the conclusion of the three-day trial, the jury returned a verdict against petitioner of guilty on both counts of the indictment.

It has been held that the question of whether or not a defendant received effective assistance of counsel must be resolved by examination of the particular case on its own record, *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 84 L.Ed. 377 (1940), and it has been ruled that the amount of time devoted by the attorney to pretrial preparation prior to the commencement of the trial is not determinative of whether or not his assistance was effective. *United States v. Wight*, 176 F.2d 376, 379 (2

Cir. 1949), *cert. denied* 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 586 (1950). The Court of Appeals for this Circuit has declined to rule that a presumption of ineffective assistance of counsel arises on the basis of the fact that only a short time was available to counsel for preparation before trial. *Rastrom v. Robbins*, 440 F.2d 1251, 1254 (1 Cir. 1971), *cert. denied* 404 U.S. 863, 92 S.Ct. 53, 30 L.Ed.2d 107 (1971). It has likewise been ruled in this Circuit, in *Moran v. Hogan*, 494 F.2d 1220 (1 Cir. 1974), that a Section 2255 petitioner in order to prevail must establish that his "representation at trial [was] 'such as to make the trial a mockery, a sham or a farce'." (at 1222.)

■ I rule that whether or not Attorney Rudnitsky was a last minute substitute, standing alone is immaterial. The record and this Court's memory of the trial proves that Mr. Rudnitsky afforded petitioner competent effective assistance, well above the minimum standard required under the above-quoted decisions. He followed several definite defense theories and actively elicited evidence attempting to persuade the jury to accept same, i.e., that if there was a conspiracy petitioner was not a member thereof. He alternatively suggested to the jury, through his cross-examination, that petitioner may have been victimized by other defendants who had an animus against him. I rule that there is no legal merit to petitioner's first contention, that he was denied affective assistance of counsel.

■ Petitioner's second contention, which amounts to a claim that the evidence on which he was convicted was inadequate, does not, on the record of this case, warrant discussion. The government called four witnesses, all of whom gave testimony raising a question of fact for the jury as to petitioner's participation in and guilt in the crimes involved. A motion under Section 2255 is not the appropriate device for challenging sufficiency of the evidence in a case, which

issues must be raised on direct appeal. See *United States v. Weaver*, 418 F.2d 475, 476 (8 Cir. 1969).

An order will enter denying the petition.