## MEREDITH v. UNITED STATES.
### No. 9581.

Circuit Court of Appeals, Sixth Circuit.

Nov. 29, 1943.

Robert Lee Meredith, in pro. per.

Eli H. Brown, III, and J. D. Inman, both of Louisville, Ky., for the United States.

Before HICKS, ALLEN, and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

On March 26, 1941, appellant was sentenced to prison on his conviction for conspiracy to violate the Selective Training and Service Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq., in causing false statements to be made regarding the fitness of a certain person for military service. On October 1, 1942, he filed a motion in the District Court for a writ of common-law error, coram nobis, which was denied by order entered November 9, 1942. From this order, he appealed May 17, 1943.

In his application for a writ of error coram nobis, appellant claimed that he had been convicted on the testimony of a mentally incompetent person, and a codefendant who had pleaded guilty. He asserted that the testimony of his codefendant was without probative force because of several convictions for felonies. He further set forth in his petition that, subsequent to his conviction, he had acquired knowledge that three persons definitely knew that the above-mentioned codefendant had given perjured testimony on the trial against appellant and that their evidence was material, competent, and relevant. The names of the three allegedly important witnesses have never been disclosed; and no affidavits supported the application for the writ.

In his directions to the clerk of the District Court to prepare the transcript on appeal, appellant advised that no bill of exceptions was to be used in the proceeding. We can assume, however, from statements in appellant's brief, that, as to the claimed incompetency of the witness in question, the District Court, after inspecting a certain order of the state court, with reference to the incompetency of such witness, declined to strike out his testimony.

In passing upon the petition, the District Court treated it as a motion for a new trial, based on newly discovered evidence, and denied it on the ground that it was filed too late; was not supported by affidavits of the newly discovered witnesses; did not contain the names and addresses of such witnesses; and did not negative want of diligence on the part of appellant. The court also held that, if the motion were considered differently than as a motion for a new trial, it was, in any event, filed too late.

Viewed as a motion for a new trial, the petition was properly denied. With regard to its consideration as a writ of error coram nobis, the Supreme Court has heretofore declined to pass upon the question whether District Courts may exercise a correctional jurisdiction at subsequent terms analogous to that exercised at common law on writs of error coram nobis; but observed that such jurisdiction was of limited scope and that the power of District Courts to vacate, in this manner, their judgments for errors of fact, existed only in those cases where the errors were of the most fundamental character, such as rendered the proceeding itself irregular and invalid. "In cases of prejudicial misconduct in the course of the trial, * * * and newly discovered evidence, as well as where it is sought to have the court in which the case was tried reconsider its rulings, the remedy is by a motion for new trial * * * an application which is addressed to the sound discretion of the trial court." United States v. Mayer, 235 U.S. 55, 69, 35 S.Ct. 16, 20, 59 L.Ed. 129. The petition and the record before us, do not show even claimed errors which, of themselves, would render the judgment irregular and invalid. The discovery of new witnesses to sustain proof of perjury would be properly raised before the trial court on motion for a new trial. As to the alleged error of receiving in evidence the testimony of an incompetent witness, all of the contentions with reference to its admissibility were made during the course of the trial, to the District Court; and a ruling thereon was sought by counsel for petitioner, and made by the trial judge. Any claim of error based on the ruling of the court in regard thereto, must, likewise, be made by motion for new trial rather than petition for writ of error coram nobis.

The order of the District Court, denying the petition for a writ of error coram nobis, as well as its denial of a new trial, is affirmed.