## SPAULDING v. UNITED STATES.
### No. 10177.

Circuit Court of Appeals, Sixth Circuit.
Jan. 4, 1946.

Before HICKS, SIMONS and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

Nine years after the petitioner was sentenced in the Western District of Tennessee for violation of the Mail Fraud Statute, Title 18 U.S.C.A. § 338, he filed in this court, though addressed to but one of its judges, a petition designated as one for a writ of error coram nobis. During the interim his sentence to three consecutive five-year terms upon three counts of an indictment, was affirmed by this court in Bogy v. United States, 6 Cir., 1938, 96 F. 2d 734, a petition for writ of habeas corpus was by us denied on July 2, 1942, a similar petition denied in 1943 by the District Court of Georgia with denial affirmed in Spaulding v. Sanford, 5 Cir., 142 F.2d 444, and the petitioner has been released from the penitentiary on parole subject to the supervision of the United States Probation Officer for the Southern District of Mississippi.

██ While the writ sought is now obsolete in federal practice, being replaced by a motion in the case, Strang v. United States, 5 Cir., 53 F.2d 820; United States v. Mayer, 235 U.S. 55, 67, 35 S.Ct. 16, 59 L.Ed. 129, though still available in some of the states, Hysler v. State of Florida, 315 U.S. 411, 415, 316 U.S. 642, 62 S.Ct. 688, 86 L.Ed. 932, and lies only in the trial court, Strang v. United States, supra, we nevertheless give the petition consideration, first, because the petitioner is without representation, is not himself a lawyer, and seeks relief in forma pauperis; second, because this court having affirmed the judgment complained of, it is necessary that leave be here sought before attacking it. Strang v. United States, supra. We treat the petition, however, as one addressed to the court rather than to a single judge, as an appropriate petition for leave to file the proper motion in the district court, and our authority to grant leave so to file, conditioned upon a showing that the proposed attack on the challenged judgment is meritorious.

The petitioner's principal grievance is that the probation officer of the district will not permit him to take gainful employment as a salesman. Conceiving, perhaps, and, if so, rightly, that relief from such prohibition must be sought, if at all, from administrative authority, the petitioner seeks to review the judgment and sentence upon the third count of the indictment. He alleges numerous grounds of invalidity, including allegations that there was a falsification of testimony and exhibits at the trial, that both judge and jury were prejudiced, that he was never arraigned before a United States Commissioner, that two confessions signed by him before the trial were fraudulently obtained, that count three was invalid, that he was denied assistance of counsel because his attorney did not fairly represent him, call necessary witnesses or ably cross-examine government witnesses. He also complains that his attorney obtained property fraudulently from his mother-in-law, and deceived him as to the filing of a petition for writ of certiorari in the Supreme Court of the United States.

██ The writ of error coram nobis was at common law used to bring before the court that pronounced the judgment, errors in matters of fact which had not

been put in issue or passed upon and were material to the validity and regularity of the proceeding. United States v. Mayer supra; Strang v. United States, supra; Kelly v. United States, 9 Cir., 138 F.2d 489; Mcredith v. United States, 6 Cir., 138 F.2d 772. It is not available in federal courts for errors of law, and the analogous motion is exceedingly limited in scope, available only where errors are of such fundamental character as to render the proceeding itself irregular and invalid. United States v. Mayer, supra. It cannot be used to review the proceeding as upon a motion for new trial or as on appeal. Barber v. United States, 4 Cir., 142 F.2d 805. It will not lie to contradict or put in issue facts already adjudicated or known at the time of trial. Carruthers v. Reed, 8 Cir., 102 F.2d 933. It does not lie for prejudicial misconduct in the course of the trial or for newly discovered evidence. U. S. v. Gardzielewski, 7 Cir., 135 F.2d 271. A petitioner is not entitled to it as a matter of right. Tinkoff v. United States, 7 Cir., 129 F.2d 21. In relying upon it the petitioner must do more than merely state general conclusions and must enable the appellate court to ascertain whether the facts alleged would afford at least a prima facie ground for the writ. Hysler v. Florida, supra. It is generally held that laches may bar relief and in any event notice must be given to the opposing party.

A careful consideration of the present petition, with its accompanying papers, discloses generally nothing more than vague suspicion of impropriety at the trial, unaccompanied by specific factual allegations of irregularity, and circumstances fully known during the trial and at the appeal. In the single instance relating to the alleged misconduct of the petitioner's counsel, wherein specific charges of fraud are made, they relate to conduct dehors the proceedings in the district court and have no bearing upon their regularity or validity. We are therefore constrained to conclude that the petition fails to state a meriorious case for the granting of leave to file the appropriate corrective proceeding in the district court, and it is, therefore, denied.