Phillip GORDON

v.

**UNITED STATES of America.**

No. 15126.

United States Court of Appeals
Fifth Circuit.

Nov. 4, 1954.

No appearance for appellant.

Harvey H. Tisinger, Asst. U. S. Atty.,
James W. Dorsey, U. S. Atty., and John
W. Stokes, Jr., Asst. U. S. Atty., Atlanta,
Ga., for appellee.

Before HUTCHESON, Chief Judge,
and RIVES and TUTTLE, Circuit Judg-
es.

TUTTLE, Circuit Judge.

This case comes here in an effort to
extend to new lengths the principle enun-
ciated by the Supreme Court in Johnson
v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82
L.Ed. 1461, in which the court first au-
thoritatively established the proposition
that if an accused in a criminal trial "is
not represented by counsel and has not
competently and intelligently waived his
constitutional right, the Sixth Amend-
ment stands as a jurisdictional bar to a
valid conviction and sentence depriving
him of his life or his liberty." 304 U.S.
458, 468, 58 S.Ct. 1024.

The appellant, Philip Gordon (with
certain aliases), hereinafter called the
defendant, was indicted in the District
Court, January 30, 1939, on five counts
of passing altered postal money orders.
Upon arraignment on January 31, 1939
he pleaded guilty on counts 1, 2, 3 and 4.
Counts 2, 4 and 5 were later *nol prossed*
and pleas of guilty on counts 1 and 3
were permitted to stand of record. On
February 4, 1939 defendant was sen-
tenced to a term of imprisonment of a
year and a day. He served this sentence
and was released in November, 1939.

In February, 1954, nearly 15 years
after his sentence was completed, defend-
ant submitted a motion in the nature of
a writ of error *coram nobis* in the Dis-
trict Court for the Northern District of
Georgia, praying that the conviction be
set aside. This motion, consisting of two
informal letters addressed to the former
district judge who presided at his trial,
alleged that defendant served this federal

sentence; thereafter, in 1940, was convicted of second degree larceny in a New York court; was sentenced as a second felony offender to 5 to 10 years in Attica State Prison; was paroled in 1945; violated parole by leaving the state without permission; and has been returned to Attica to serve the remainder of his sentence. The object of the motion was to have the federal conviction set aside so as to enable defendant to request a shortened sentence from the New York court.[1] The District Court denied the motion on March 11, 1954, after careful consideration and in a written opinion but without a hearing. Defendant now brings this appeal from the order denying his motion.

▮ Whereas it might once have been doubtful whether the District Court could entertain a motion to set aside a sentence after it had been completely served, it is now clear that the court in a proper case has that power. On a very similar state of facts the Supreme Court held earlier this year, in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, that a motion to set aside a conviction can be made even though the movant is no longer in federal custody, the writ of error *coram nobis* being held to apply to this situation at common law and not to have been superseded by § 2255 of Title 28 U.S.C. The court held further that where the motion alleges that defendant was not represented at trial by counsel and alleges facts showing that he did not competently and intelli-

gently waive counsel, and such allegations are not contradicted by the record, a hearing should be granted on the motion.[2] We must therefore determine whether such facts are alleged here.

As grounds for setting aside the conviction in the instant case, defendant alleged as follows in the two letters comprising the motion before the District Court:

"My appeal to you is not based solely on a sympathy approach. I have been advised to cite the following case as a precedent to support my request to have the Federal conviction set aside *on the grounds that I did not have an attorney* to advise me, and also because *I was sentenced only four days after my arrest*. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 * * *. *My contention is that my conviction was under such circumstances and that because of my youthfulness, lack of family and friends to advise me, and due to the extreme speed of proceedings between the time of arrest and sentence * * * I could not possibly have intelligently or competently waived my right of counsel.* [Italics added] The only advice I had was the postal inspectors and G-men telling me that the only smart thing for me to do would be to plead guilty and throw myself on the mercy of the Court."

The record does not contradict any of these allegations; therefore, if sufficient

1. New York state courts will not review judgments of other jurisdictions on habeas corpus or *coram nobis*. People v. McCullough, 300 N.Y. 107, 110, 89 N.E. 2d 335, 336–337.

2. United States v. Morgan, 346 U.S. 502, 511–512, 74 S.Ct. 247, 252:
    "The trial record apparently shows Morgan was without counsel. * * * He alleges he was nineteen, without knowledge of law and *not advised as to his rights*. [Italics added.] The record is barren of the reasons that brought about a trial without legal representation for the accused. As the plea was 'guilty' no details of the hearing appear. * * *

In this state of the record we cannot know the facts and thus we must rely on respondent's allegations. * * * Where it cannot be deduced from the record whether counsel was properly waived, we think, no other remedy being then available and sound reasons existing for failure to seek appropriate earlier relief, this motion in the nature of the extra-ordinary writ of *coram nobis* must be heard by the federal trial court. * * * Of course, the absence of a showing of waiver from the record does not of itself invalidate the judgment. It is presumed the proceedings were correct and the burden rests on the accused to show otherwise." [Footnotes omitted.]

facts are alleged in the motion necessarily to imply that defendant did not competently and intelligently waive counsel, then we are bound by the Morgan case, supra, to order a hearing on this motion.

■ However, we agree with the District Court that defendant's allegations, even liberally construed in his favor, do not constitute a negation that he competently and intelligently waived counsel. As the District Court's order expressed it:

"While he makes allegations from which an inference might be drawn that his plea of guilty in this court was void because of want of counsel he does not affirmatively say so, but alleges certain circumstances and then says that on account of these circumstances, 'I could not possibly have intelligently or competently waived my right of counsel.'"

It is clear that these alleged circumstances (defendant's age of eighteen, lack of family and friends to advise him, speed of the proceedings, and advice by

3. That the advice of the government agents was not harmful and that the court took a tender regard for the defendant's interests, is at least indicated by the fact that three of the five counts were nol prossed after the defendant had originally pleaded guilty to four counts, the District Attorney announcing to the court that although the defendant had pleaded guilty to Counts 2 and 4, the government did not have sufficient evidence to convict and requesting the court that they be nol prossed.

4. The time and place of the action taken by the trial judge in February 1939 are significant in the light of the fact that appellant here limits his contention to his statement that he "does not believe that any counsel was ever offered." The case of Johnson v. Zerbst, supra, which was a landmark in prescribing the duty of the trial judge where an accused appears without counsel, came up from this very court, with Judge Underwood presiding, both in the Johnson case and in the action here against which appellant complains.

As appears from the Supreme Court's opinion in the Johnson case, [304 U.S.

federal investigators to plead guilty [3]) are logically consistent with the supposition that the trial judge informed defendant of his right to counsel and that defendant thereafter, understanding his right, stated that he did not wish counsel. In view of the established national policy under which no court challenges the right of the government to accept military enlistments of eighteen-year-olds, which commit them to offer their lives for their society and otherwise recognize their ability to make important decisions at that age, the evidentiary value of these circumstances, *even had there been a denial* by the defendant that he was informed of his right of counsel, might very likely not be enough on a hearing to overcome the strong presumption of regularity of the conviction. But in fact, defendant does not deny that he was informed of his right to counsel, but states in his brief that he "does not *believe* that any counsel was ever offered." [Italics added.][4]

Defendant's motion was not based on failure of the trial judge to inform him of his right to counsel, then, for he is

458, 58 S.Ct. 1021] Judge Underwood stated in denying habeas corpus "that he believed petitioner was deprived, in the trial court, of his constitutional right under the provision of the Sixth Amendment * * * that 'in all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence.' However, he held that proceedings depriving petitioner of his constitutional right to assistance of counsel were not sufficient 'to make the trial void and to justify its annulment in a habeas corpus proceeding, but that they constituted trial errors or irregularities which could only be corrected on appeal.'"

The mandate of the Supreme Court went back to Judge Underwood in the Johnson case and the record discloses that he found the facts alleged in Johnson's petition to be true and ordered his release on the writ. It is difficult for this court to believe in the light of these particular circumstances that Judge Underwood would have failed, shortly after the Johnson trial was ended, to have informed this youthful accused offender of his constitutional right to assistance of counsel.

unwilling, to assert this even in his unsworn brief; it is based rather on the erroneous contention that these other alleged circumstances necessarily imply that defendant did not intelligently and competently waive counsel.[5]

However far the Morgan case, supra, may go to break down the restrictions which the lower federal courts theretofore imposed on the use of the motion in the nature of a writ of *coram nobis*,[6] we believe that it did not change the requirement that the motion or supporting affidavits must state with particularity sufficient facts to constitute a ground of relief. Spaulding v. United States, 6 Cir., 1946, 155 F.2d 919; Tinkoff v. United States, 7 Cir., 1942, 129 F.2d 21.[7] We therefore hold that the District Court did not err in denying the motion without a hearing.

Affirmed.

RIVES, Circuit Judge (specially concurring).

I concur in the result but for different reasons. At least two conditions precedent to the availability of the extraordinary writ of *coram nobis* are set forth in United States v. Morgan, 346 U.S. 502, 511, 512, 74 S.Ct. 247, which do not exist in this case. One is expressed on page 512 of 346 U.S., on page 253 of 74 S.Ct. of the opinion, " * * * and sound reasons existing for failure to seek appropriate earlier relief * * *." No such reasons appear in this case to excuse the delay of more than fifteen years. The other condition is expressed on page 511 of 346 U.S., on page 252 of 74 S.Ct. of the opinion:

"Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy *only under circumstances compelling such action to achieve justice.*" (Emphasis supplied.)

In the present case, the petitioner even in the final amendment to his petition freely concedes that he actually was guilty of the offense to which he pleaded guilty.[1] The injustice of which he com-

---

5. That this theory is the basis of the motion is supported by the fact that defendant in his brief "quotes" the following sentence from an unnamed New York case: "In any event, this child of 16 years could not possibly have competently or intelligently waived his rights." This quotation appears to be a paraphrase of language in People ex rel. Sedlak v. Foster, Sup.Ct., Cayuga Co., 1945, 59 N.Y.S.2d 477. In that opinion the court weighed heavily Sedlak's youth, poverty, and friendlessness in finding that his plea of guilty did not constitute a waiver of right to counsel. 59 N.Y.S.2d 482-483. However, the opinion shows that Sedlak testified in the habeas corpus hearing that he was in fact not informed of his right to counsel and was not asked whether he desired counsel. 59 N.Y.S.2d 478. That case can not be authority for the proposition contended for by defendant here.

6. See Note, 42 Georgetown L.J. 461-465: "The [Morgan] opinion checks a great spate of procedural disorder in the lower federal courts, but leaves in confusion the extent of the substantive rights protected under this procedural revival. Difficulty arises because the writ would not have been granted on the precise facts of this case either at common law or as the use of the writ has been expanded by state and federal courts in the last fifteen years. * * * The increased solicitude of the Supreme Court for the rights of an accused seems to be moving toward allowing an ex-convict back into court as long as he lives, without any substantial proof of his innocence, on the chance that somehow he was originally deprived of procedural due process."

7. But see Note, 26 Rocky Mountain L.Rev. 340, 344 (1954).

1. In that amendment the petitioner says: "Nothing in my Petition to this Honorable Court is in any way intended to excuse or justify the crime I committed. My act was morally and legally wrong and, of course, I deserved to be punished. However, that does not prevent the court from now determining that such conviction was faulty, for the aforementioned conditions which are supported by legal precedent, and for the setting-aside of his conviction in the interest of humane and fair treatment to a petitioner who is suffering an unjust and lengthy imprisonment because of such conviction, even though he has already served his sentence and settled his debt to the Federal Court."

plains relates to the New York Habitual Criminal Law, Penal Law, McK.Consol. Laws, c. 40, § 1020 et seq., rather than to his federal conviction.

After making all allowances for formal defects in the petition because petitioner does not appear through counsel, it seems clear to me that the facts averred do not bring this case within the rule of the Morgan case, supra. I therefore concur specially.