**STATE of Missouri, Respondent,**

v.

**Austin Lloyd TERRELL, Appellant.**

No. 44404.

Supreme Court of Missouri.

Division No. 1.

March, 14, 1955.

R. B. Kirwan, Kansas City, for appellant.

John M. Dalton, Atty. Gen., Aubrey R. Hammett, Jr., Asst. Atty. Gen., for respondent.

WESTHUES, Judge.

Appellant Terrell on December 18, 1953, filed a motion in the Circuit Court of Jackson County, Missouri, to vacate three separate judgments and sentences rendered in that court on May 16, 1945. The sentences were entered on pleas of guilty and the punishment assessed in each case was four months' imprisonment in the county jail. We shall treat the motion as being an application for a writ of error coram nobis.

Terrell, in the motion, stated that he had not been represented by counsel at the time he entered the pleas of guilty. Terrell also asked the court for permission to attend the hearing on the motion and asked the court to issue a writ of habeas corpus ad testificandum requiring the warden of the State Penitentiary, where Terrell is confined, to take him to the circuit court for the purpose of testifying.

The trial court denied the motion to vacate the judgments of conviction on the ground that the judgments entered on the pleas of guilty recited that the defendant appeared in person "and by his Attorney, F. Cohn." The court held that the specific finding in the judgment, that Terrell had been represented by an attorney, could not be impeached by oral evidence. From the judgment dismissing the motion, Terrell appealed to this court.

If the trial court was correct in the ruling on the motion, the application for habeas corpus was rendered useless and therefore we need not give it further consideration.

We learn from the motion of Terrell that after he had complied with the sentences imposed by the circuit court, he was convicted in Clay County, Missouri, on a charge of robbery in the first degree by means of a dangerous and deadly weapon and was sentenced to imprisonment for life. In the information on the robbery charge, it was alleged that Terrell had previously been convicted. The judgments of conviction sought to be set aside in this

proceeding provided the basis of the allegation in the information as to previous convictions.

Terrell insists that his constitutional rights were violated when, as he alleges, the court permitted him to plead guilty without advice of counsel or without having the opportunity of advising with an attorney. He alleged in his motion that the finding made by the trial court in its judgment to that effect was false.

The judgments in the three cases sought to be vacated were similar. We quote one of them as follows:

"Now on this day comes the Prosecuting Attorney and comes also the defendant in person and by his Attorney, F. Cohn, and said defendant after advising with his attorney withdraws his plea of not guilty and enters a plea herein, whereupon the Court fixes his punishment at confinement in the County Jail for a period of four months.

"Wherefore, it is ordered and adjudged by the Court that said Defendant do undergo confinement in the County Jail of Jackson County, Missouri, for and during the period of four months for said offense of Larceny of a Motor Vehicle; that the State of Missouri recover of said defendant its costs herein and have therefor execution.

"It is further ordered by the Court that said defendant be remanded to the custody of the Sheriff of Jackson County, Missouri, the Officer in charge of said County Jail therein be confined as aforesaid."

■ It will be noted that Terrell had, as stated in the judgment, entered a plea of not guilty and "after advising with his attorney withdraws his plea of not guilty." We are of the opinion that the law does not permit a solemn finding of fact in a judgment of a court to be impeached by oral evidence as Terrell is asking us to do.

In the brief, Terrell cites the case of Montgomery v. Eidson, D.C., 123 F.Supp. 292. The facts in that case were that Montgomery had been released on habeas corpus by the Circuit Court of Cole County, Missouri, and had been remanded to the Circuit Court of St. Francois County for further action. The St. Francois County Circuit Court recommitted Montgomery. This court in Montgomery v. Parker, Mo., 195 S.W.2d 745, in a memorandum opinion, followed the rule set forth in Young v. Parker, 355 Mo. 245, 195 S.W.2d 743, where it was held that the Circuit Court of Cole County erroneously granted the relief asked in the habeas corpus case. The Federal Court held that the judgment of the Circuit Court of Cole County was final; that it was reviewable through certiorari; that no such writ had been issued for a review of the case. The court held that since the judgment of release was still in effect, Montgomery was entitled to his release and remanded him to the Sheriff of St. Francois County, Missouri, to be dealt with in accordance with the order of the Circuit Court of Cole County. That case did not present the precise question now before us.

In the case before us, the judgments (not the commitments, as pointed out by the Federal Court in the Montgomery case, 123 F.Supp. loc. cit. 296, 297(2,3) ), recited that the defendant was represented by counsel (naming the attorney and that on advice of counsel the defendant withdrew his plea of not guilty and entered a plea of guilty). If such a solemn finding can be set aside by a defendant on oral evidence dehors the record, then every judgment of conviction may be attacked and sought to be set aside. There would be an endless chain of litigation.

To demonstrate the utter lack of merit in many of the proceedings of this nature, we quote a part of the transcript of the case presented to us by Terrell showing what occurred at the time the pleas of guilty were entered by him. It definitely indicates that Mr. Cohn was present and represented the defendant.

"The Court: When were you sentenced to Algoa? A. August 26, 1943.

"The Court: You weren't seventeen? A. No, sir.

"The Court: Where were you sentenced from? A. To Algoa. Two years.

"The Court: From where? A. Lamar.

"The Court: And you are under parole now? A. Yes, sir. Jefferson City.

"The Court: That didn't teach you much. You had to go out and steal more cars. You stole cars to get that two years.

"Mr. Cohn: This boy comes from a nice family. His uncle can get him a job at the Missouri Pacific, and I am sure if he is given a chance they will put him to work as soon as he can get in shape and do some good for his country."

Now, let us go back to a review of authorities on the question. In the case of U. S. v. Morgan, 346 U.S. 502, 74 S.Ct. 247, loc. cit. 252, 253(9, 10), 98 L.Ed. 248, the court in speaking of the record in that case said, "He alleges he was nineteen, without knowledge of law and not advised as to his rights. The record is barren of the reasons that brought about a trial without legal representation for the accused. As the plea was 'guilty' no details of the hearing appear." We have no such case before us.

In Carter v. People of State of Illinois, 329 U.S. 173, 67 S.Ct. 216, 91 L.Ed. 172, a defendant sought release on the theory that the trial court should have appointed an attorney for his defense or advice. The court pointed out that the record recited the court had advised the defendant of the charge against him and of his right to have a lawyer and a jury trial but that the defendant persisted in entering a plea of guilty. See 67 S.Ct. loc. cit. 219, 220. The court denied the relief prayed for, stating that the record disclosed defendant had not been denied his constitutional rights. That case does not help Terrell in this case.

This court has consistently ruled that a solemn specific finding in a judgment cannot, after it has become final, be impeached by oral evidence dehors the record. Young v. Parker, 355 Mo. 245, 195 S.W.2d 743; Sisk v. Wilkinson, 305 Mo. 328, 265 S.W. 536, loc. cit. 538(5); Irvin v. Zerbst, 5 Cir., 97 F.2d 257.

Terrell insists that he has the right by his present motion to reopen the case and produce oral evidence to show he was not represented by counsel. He cites the case of U. S. v. Steese, 3 Cir., 144 F.2d 439, wherein it was held that a case may be reopened by a motion in the nature of a writ of error coram nobis to show that a fundamental constitutional right was denied a defendant. We grant that to be correct. However, in that case the record was silent as to whether the defendant had been advised of his right to have legal counsel. The court did not hold that a specific finding of fact in a judgment could be set aside by oral evidence.

This court in State v. Harrison, Mo., 276 S.W.2d 222, in speaking of the function of a writ of error coram nobis, said: "The application is made to the trial court to correct errors of fact, not appearing on the face of the record, affecting the validity of proceedings which errors of fact were unknown to the party now seeking relief and to the court at the time of the disposition of the particular case, and which errors of fact, had they been known, would have prevented the rendition of the judgment."

It is evident that the trial court correctly ruled the question and the judgment is affirmed.

All concur.