**Dennis C. AGGERS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 67 C 364(1).**

United States District Court
E. D. Missouri, E. D.

Dec. 21, 1967.

Dennis C. Aggers, pro se.

Veryl L. Riddle, U. S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM OPINION AND ORDER

ROY W. HARPER, Chief Judge.

This matter is before the court on motion to vacate sentence filed October 20, 1967. Petitioner has also filed an "application for instanter writ of habeas corpus ad prosequendum" seeking removal from prison to testify at the requested hearing (petitioner apparently means habeas corpus ad testificandum). Disregarding the various legal questions petitioner attempts to discuss, the grounds for relief upon which each document is predicated seem to be about the same, and in both instances these grounds are stated in a manner far too vague and conclusory to entitle petitioner to a hearing.

The motion to vacate begins as follows:

"The defendant Aggers claims that the United States Attorney and Gregory Taylor conspired and in acts of a secret conspiracy or agreement and with others conspired to combine to commit acts of a charter [sic] to throw obstruction in the way of such party's exercising these rights and for the purpose and with intent to prevent it or injure or oppress all in violation of 18 USC 241 and 242."

The remainder of the motion is devoted to discussion of the legal questions petitioner feels are involved, with one apparent exception. In the midst of the legal discussion the following sentence appears: "Petitioner claims that he was prejudicial [sic] and he was denied the opportunity to have his conviction reviewed upon an honest record."

These statements are, of course, mere conclusions, almost totally lacking in factual specificity and hardly sufficient to inform the court even of the most general characteristics of the wrong alleged. It is well settled that absent supporting factual allegations such bare assertions of injustice do not require a hearing under § 2255. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Burleson v. United States, 340 F.2d 387 (8th Cir. 1965); Taylor v. United States, 229 F.2d 826 (8th Cir.), cert. denied, 351 U.S. 986, 76 S.Ct. 1055, 100 L.Ed. 1500 (1956).

The application for habeas corpus is plainly insufficient to bolster petitioner's inadequate motion to vacate. Apart from the designation of several other alleged conspirators it adds nothing to the motion.

For the foregoing reasons, the petitioner's motion to vacate sentence and application for instanter writ of habeas corpus ad prosequendum are denied.