**Rollie LASTER, Movant-Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 55458.**

Supreme Court of Missouri,
Division No. 2.

Jan. 11, 1971.

Mark A. Youngdahl, St. Joseph, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Ass't. Atty. Gen., Jefferson City, for respondent.

PRITCHARD, Commissioner.

On January 21, 1952, appellant appeared in person and with his attorneys, waived formal arraignment, and entered a plea of guilty to the charge of robbery in the first degree. His punishment was adjudged to be twelve years imprisonment, and that sentence was completed on January 23, 1961, all according to an allegation in the state's trial court motion to dismiss as moot this Rule 27.26, V.A.M.R. proceeding to vacate the judgment and sentence. The state's motion to dismiss was overruled by the court, which then took up and overruled the allegations of appellant's Rule 27.26 motion, after appellant had declined to plead further.

■ Although appellant had served his 1952 sentence, and Rule 27.26 requires that a movant be in custody under sentence, motions such as his have sometimes been considered as applications for writs of error coram nobis to attack the conviction itself. See Holt v. State, Mo., 433 S.W.2d 265; State v. Carter, Mo., 399 S.W.2d 74; and State v. Garner, Mo., 432 S.W.2d 259, 261 [4], and other cases and authority cited. It will be so considered here.

■ No evidence was adduced by appellant in support of his allegations, nor by the state in opposition thereto. The record of the 1952 proceedings shows that appellant had two persons, counsel of the Buchanan County Bar, appointed for him on January 7, 1952. He alleges that he was denied counsel during post-arrest police interrogations, preliminary hearing and arraignment (at which he entered a plea of not guilty). He does not assert that any prejudice resulted to him in later circuit court proceedings because of lack of counsel at the preliminary hearing. But in any event, the allegation may be disposed of by reference to the case of State v. Caffey, Mo., 457 S.W.2d 657, 663 [9–11], holding that Coleman v. State of Alabama, 399 U. S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 would not in this state be applied retroactively "for the reason that such a holding would immeasurably increase the burden on the courts, prosecuting officials and law enforcement agencies and so add to the number of applications for relief filed by prisoners as to adversely affect the administration of justice."

■ As a part of Point I it is here asserted by appellant that he pleaded guilty fourteen days after counsel was appointed for him, which "period must be considered as a matter of law to be an insufficient time for the appointed counsel to properly investigate the case, interview the witnesses, and properly prepare the case for trial, or prepare the case to the extent that an intelligent plea of guilty could be made." No such allegation (of ineffective assistance of counsel) was made to or considered by the trial court, and cannot be here raised for the first time. State v. Eaton, Mo., 394 S.W.2d 402; State v. Hegwood, Mo., 415 S.W.2d 788.

■ Appellant claims error in not vacating his conviction because he was not given the proper warnings under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694. The principles of the Miranda case were denied retroactive application in Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, so appellant's claim is without merit, even if he did make incriminating statements.

■ Lastly, appellant says he should be given an evidentiary hearing on his allegation that since January, 1952 he has been

subjected to cruel and unusual punishment in prison. Such an allegation is not an attack on the 1952 judgment of conviction and will not be considered in this Rule 27.-26 proceeding, because it is not within the scope thereof. Compare cases under the Federal post-conviction relief rule, 28 U.S.C.A. § 2255: Allegretti v. United States (D.C.S.D. Ill.), 271 F.Supp. 120, 121 [2, 3]; and Sanders v. United States (C.A. 4th), 183 F.2d 748, 749 [1–3].

The allegations of the motion show on their face that appellant was entitled to no relief, and the court did not err in failing to hold an evidentiary hearing as to any or all of them, and did not err in overruling the motion.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.