**William F. HOWARD, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 9371.

Missouri Court of Appeals, Springfield District.

March 21, 1973.

Jay V. White, Rolla, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

PAUL E. CARVER, Special Judge.

This is an appeal from an order denying William Floyd Howard an evidentiary hearing on his application for a writ of error coram nobis.

Petitioner-Appellant, to whom we shall refer hereafter as movant, on January 7, 1972, filed in the office of the Circuit Clerk of Phelps County a motion styled "Application For Writ of Error Coram Nobis." Accompanying this motion was a sworn statement of fact and a brief citing many cases not applicable to or supporting his motion.

Movant, by his motion and sworn statement attached thereto, informed the trial court as follows:

"In Feb. of 1967 Applicant was arrested on a charge of stealing over $50.00 and in March of 1967 applicant pleaded guilty to said charge and this court imposed a sentence of 5 years against applicant for said charge above."

The transcript discloses that on March 29, 1967, movant entered a plea of guilty and was sentenced to a term of five years. He was also allowed 21 days credit for time spent in the Phelps County jail before his conviction.

At the time of the entry of a plea of guilty and at his preliminary hearing he was represented by M. E. Carnahan, a member of the Phelps County Bar. On his appeal movant was represented by Jay V. White, also a member of the Phelps County Bar. Movant does not complain of the services rendered by Mr. Carnahan nor by Mr. White.

Movant's motion is poorly drawn. It consists of conclusions, vague statements of fact, and various irrelevant citations of legal authorities in support of the motion. It may be noted that the motion was not prepared by Mr. Carnahan or Mr. White, his court-appointed counsel.

The record is not clear whether movant has complied with the sentence assessed against him. It does disclose he was sentenced on March 29, 1967, to a term of five years and that his motion for a writ of error coram nobis was filed on January 7, 1972. Considering that at the time of this decision movant would have completely served the sentence assessed, we conclude that movant has now served the sentence against him. In his jurisdictional statement he states, "Writ of Error Coram Nobis is available to establish that defendant was denied due process when convicted, although defendant had already served his sentence . . . ." He also cited cases that hold coram nobis is a proper remedy to attack prior convictions where the sentence has been served. We shall consider this based on the assumption he has

already served the sentence assessed against him.

From an examination of the record and movant's motion and brief it appears that:

"On March 27, 1967, the Prosecuting Attorney filed information against petitioner-appellant charging him with stealing property [of the] value [of] over $50.00.

"On March 29, 1967, petitioner-appellant with his Court appointed attorney Melvin E. Carnahan appeared and entered a plea of guilty to the charge of stealing property [of the] value [of] over $50.00 and recieved [sic] a five year sentence to Missouri State Department of Corrections.

"The [evidence] indicates that the petitioner-appellant was remanded to the custody of the sheriff, to be delivered to the Reception Center of the Department of Corrections for complian[ce] with his sentence.

". . . [O]n January 7, 1972, petitioner-appellant filed a writ of coram nobis, application for writ of error coram nobis, and pauper affidavit.

"Petitioner-appellant stated as grounds for invalidating the judgment and sentence, as follows:

1. His plea was involuntarily entered without full understanding of the law in relation to the facts.

2. His plea was involuntarily made through coercive threats on [the] part of police officers while he was in jail.

3. Petitioner-appellant could not file a 27.26 application because the officers at Algoa would not let anyone there file any writ.

4. Petitioner-appellant claims he was arrested without a warrant and without probabl[e] cause to arrest him.

5. Petitioner-appellant claims that statements of a co-defendant were unsupported and the evidence would not have been enough to convict him.

". . . [O]n January 17, 1972, the Circuit Court of Phelps County denied petitioner-appellant's writ of error coram nobis.

". . . [O]n the 25th day of January, 1972, petitioner-appellant filed his notice of appeal and motion to proceed [in] forma pauperis.

"Thereafter, on the 27th day of February, 1972, the trial Court appointed M. E. Carnahan Attorney for petitioner-appellant's appeal.

\* \* \* \* \* \*

". . . [O]n March 7, 1972, notice of appeal and motion to proceed in forma pauperis was mailed to the Clerk, Missouri Court of Appeals, Springfield, Missouri.

". . . [O]n the 14th day of March, 1972, the Court released Attorney M. E. Carnahan as Court appointed attorney for petitioner-appellant and appointed Jay White of Phelps County Bar as attorney for petitioner-appellant.

". . . [O]n the 17th day of March, 1972, Notice of Appeal and Pauper Affidavit was mailed to the Supreme Court of Missouri."

Movant, as an additional ground for relief, requested the trial court as follows: "Applicant would like to have this motion acted on in the same way as a 27.26 to find if the facts hold to be true, and were [sic] applicant can prove that all allegations are true."

In support of his motion the following sworn statement was attached:

"In Feb. of 1967 Applicant was arrested on a charge of stealing over $50.00 and in March of 1967 applicant pleaded guilty to said charge and this court imposed a sentence of 5 years against applicant for said charge above.

"At that time before applicant pleaded guilty, Officers of the Law made all kinds of statements to applicant about

what was going to happen to him if applicant did not plead guilty and because of the fear that the said Officers made applicant pleáded guilty to said charge, but only did so because of the fear and not because he was guilty or not.

"At the time this happened applicants Attorney which was appointed by the court, one M. E. Carnahan was in the hospital and could not help applicant in anyway [sic] and by the time Mr. Carnahan came out of the hospital applicant was ready to plead guilty because of the fear the officers had put in applicant while he was in jail. Applicant phoned Mr. Carnahan and told him that he wanted to plead guilty because if applicant did get off of this charge that other charges were going to be fild [sic] against him until they sent him up, so appliant [sic] pleaded guilty through the fear of all this.

"After applicant was sent to prison at algoa he wanted to do something about this but did not really know what to do, and was told that the inmate were not let to file any writs from that place, and which is the same now no one in algoa can file a pro se writ from that place and this can be looked into if need be to prove this fact stated here. So by applicant not being able to file a 27.26 or anything at all. Applicant at that time did not know how to file any such thing as a writ but would have learned if he would have had a chance to do so in not being able to file anything then applicant was deied [sic] due process of Law as stated in Article 1, Section 14, Const. Mo., V.A.M.S.

"Applicant was also denied some other rights as will be shown below. Such as.

(1) Applicant was arrested without a warrant and without probable cause to arrest him.

(2) Statements by Co-defendant was unsupported and the evidince [sic] would not have been enough to convict applicant herein."

"THEREAFTER, on January 17, 1972, the Court, by its order made and entered of record, ruled as follows:

'Now on this day the Court takes up application of Petitioner William F. Howard for writ of Coram Nobis and after due consideration said application be and hereby is denied.' "

On the 25th day of January, 1972, petitioner filed his Notice of Appeal and Motion to Proceed in Forma Pauperis.

Movant has briefed only the following point. We shall consider it:

"The judgment of the trial Court in denying and dismissing petitioner-appellant's application for writ of coram nobis to invalidate the sentence and judgment was clearly erroneous because it was made without any evidentiary hearing where petitioner-appellant's motion alleged an involuntary plea of guilty and thereby raised a substantial fact issue directly contradicting the record."

 The trial court had jurisdiction to consider movant's application for a writ of error coram nobis. Peterson v. State, 476 S.W.2d 608, 610[2] (Mo.1972); Laster v. State, 461 S.W.2d 839, 840[1] (Mo.1971); State v. Carter, 399 S.W.2d 74, 76[2] (Mo.1966). It is an appropriate remedy to attack prior convictions where adequate facts exist and are pleaded, although the sentence assessed has been served. United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, 257[17] (1954); State v. Crow, 475 S.W.2d 71, 72[1] (Mo.1972); Laster v. State, supra, Mo., 461 S.W.2d at 840[1].

It is apparent the trial court, without having an evidentiary hearing or movant being present, considered the motion and sworn supporting statement and determined from them that the motion should be denied.

It is our duty to determine if the trial court was justified in not holding an evidentiary hearing.

■ A writ of error coram nobis is a civil action in nature and not criminal. Peterson v. State, supra; State v. Smith, 324 S.W.2d 707, 711–712[7] (Mo.1959). It is a remedy of the common law addressed to the trial court to correct errors of fact affecting the validity of the proceedings, which at the time of trial were unknown to the party seeking relief, and to the court. It is considered to be a new action and its purpose is to revoke the former judgment.

■ The right to relief under a writ of coram nobis is not absolute, nor is the writ allowed as of course or as a matter of right. The writ is issued only if it be made to appear with reasonable certainty that some error of fact not apparent on the record was unknown to movant. Blodgett v. State, 245 S.W.2d 839, 842[1] (Mo. 1952).

■ The burden of proof being on movant, he must present proof that supports the well pleaded allegations of his motion, Gordon v. United States, 216 F.2d 495, 498[3] (5th Cir. 1954); Tinkoff v. United States, 129 F.2d 21, 23[2] (7th Cir. 1942), and such allegations must be established by a preponderance of the evidence. 18 Am. Jur.2d Coram Nobis § 26, pp. 493, 494 (1965).

Movant's allegations consist of certain vague and conclusory errors that occurred at, before, and after the entry of his plea of guilty. We shall determine these allegations, although they are vague, conclusory, and not well pled.

■ A motion in the nature of a writ of coram nobis and supporting affidavits must state with particularity sufficient facts to constitute grounds for relief. Gordon v. United States, supra, 216 F.2d at 498[3]; Spaulding v. United States, 155 F.2d 919, 921 [8] (6th Cir. 1946).

■ We will consider movant's allegations:

"(1) The plea of guilty was Involuntarily entered without full understanding of the Law in relation to the facts.

"(2) Involuntrily [sic] made through coercive threats on the part of the Police officers while defendant was in jail."

These allegations do not state facts with particularity sufficient to constitute grounds for relief. Aggers v. United States, 280 F.Supp. 774, 775 [1, 2] (E.D. Mo.1967).

■ "(3) Defendant could not file a 27.26 because of the Officers at the place of detention would not let anyone there file any writ. The place of detention at that time was Algoa a part of Missouri Prisons."

Such an allegation is not an attack on the judgment of conviction, Sanders v United States, 183 F.2d 748, 749[1] (4th Cir. 1950); Laster v. State, supra Mo., 461 S.W.2d at 840–841[5], and cannot be considered in a coram nobis proceeding.

In addition to his other complaints movant alleges:

"Applicant was also denied some other rights as will be shown below. Such as.

[(A)] Applicant was arrested without a warrant and without probable cause to arrest him.

[(B)] Statements by Co-defendant was unsupported and the evidince [sic] would not have been enough to convict applicant herein.

[(C)] Applicant would like to have this motion acted on in the same way as a 27.26 to find if the facts hold to be true, and were [sic] applicant can prove that all allegations are true."

The designations of "A", "B", and "C" are designated by us for the purpose of clarity in order to avoid duplication of claimed errors.

**20**

■ Allegation "A", which is as follows: "Applicant was arrested without a warrant and without probable cause to arrest him", affords no ground for relief and cannot be considered in a coram nobis proceeding. Collins v. State, 454 S.W.2d 917, 919[2] (Mo.1970).

■ Allegation "B", which is as follows: "Statements made by Co-defendant was unsupported and the evidince [sic] would not have been enough to convict applicant herein", affords no ground for relief. Questions as to the sufficiency of the evidence are not proper subjects to be considered in coram nobis proceedings. Weaver v. United States, 418 F.2d 475, 476[1] (8th Cir. 1969).

■ Movant requests by Allegation "C" that: "Applicant would like to have this motion acted on in the same way as a 27.26 to find if the facts hold to be true, and were [sic] applicant can prove that all allegations are true."

The trial court had no jurisdiction to determine movant's motion under V.A.M.R. Rule 27.26. Movant is not now detained or in custody under a sentence that he is seeking to vacate. Bibbs v. State, 476 S. W.2d 590 (Mo.1972); Peterson v. State, supra, 476 S.W.2d at 609–610[1]; Lalla v. State, 463 S.W.2d 797, 801[2] (Mo.1971).

As we have disposed of the other allegations, we will consider allegations (1) and (2) as well pled in order to completely determine all of the issues.

"(1) The plea of guilty was Involuntarily entered without full understanding of the Law in relation to the facts."

"(2) Involuntrily [sic] made through coercive threats on the part of the Police officers while defendant was in jail."

Movant's sworn statement conclusively shows as follows:

"At that time before applicant pleaded guilty, Officers of the Law made all kinds of statements to applicant about what was going to happen to him if applicant did not plead guilty and because of the fear that the said Officers made applicant pleaded guilty to said charge, but only did so because of the fear and not because he was guilty or not.

"At the time this happened applicants Attorney which was appointed by the court, one M. E. Carnahan was in the hospital and could not help applicant in anyway [sic] and by the time Mr. Carnahan came out of the hospital applicant was ready to plead guilty because of the fear the officers had put in applicant while he was in jail. Applicant phoned Mr. Carnahan and told him that he wanted to plead guilty because if applicant did get off of this charge that other charges were going to be fild [sic] against him until they sent him up, so appliant [sic] pleaded guilty through the fear of all this."

Such facts existed and were fully known to movant and not disclosed by him to the trial judge at the time of entering his plea of guilty and sentencing. His motion does not state or complain that such facts were unknown to him. In fact, in his motion he states, "Put otherwise, [coram nobis] it is appropriate only to bring to the attention of the trial court *matters of fact* not revealed to it during the course of trial . . . . ."

■ The writ of error coram nobis is issued only if it be made to appear with reasonable certainty that some error of fact not apparent on the record was unknown to movant and could not by the exercise of reasonable diligence have been discovered by him in time to have been presented to the court. It will not lie where the party complaining knew the facts complained of at the time or before trial, or by the exercise of reasonable diligence might have known it. State v. Smith, supra. This being true, it was the duty of movant to make it known to the court that immediate action might be taken to afford him a fair trial instead of con-

cealing the fact, entering a plea of guilty, and then at a later date complain. The law does not contemplate that when one seeking this writ is possessed of the knowledge of the error of facts and has other equally effective remedies which he fails to invoke, that he may thereafter seek to assail the integrity of the judgment upon the strength of such concealed facts, when its timely disclosure would have afforded relief, State v. Richardson, 291 Mo. 566, 577, 237 S.W. 765, 768[3] (banc 1922); Blodgett v. State, supra, and he may not now complain of his failure to disclose facts that he knew existed at the time of his plea of guilty and sentencing.

█ It is to be noted that movant explains that his excuse in pleading guilty was:

"At the time this happened applicants Attorney which was appointed by the court, one M. E. Carnahan was in the hospital and could not help applicant in anyway [sic] and by the time Mr. Carnahan came out of the hospital applicant was ready to plead guilty because of the fear the officers had put in applicant while he was in jail. Applicant phoned Mr. Carnahan and told him that he wanted to plead guilty because if applicant did get off of this charge that other charges were going to be fild [sic] against him until they sent him up, so appliant [sic] pleaded guilty through the fear of all this."

The threat of additional prosecutions if he did not plead guilty was proper. Peterson v. State, supra; State v. Becker, 263 Minn. 168, 115 N.W.2d 920, 921[2] (1962).

█ The following point remains to be disposed of: Did the trial court err in not holding a hearing, or in denying the motion without the movant being present.

Movant's motion fails to allege the necessary facts on the face of the motion entitling him to relief. No hearing is required. State v. Becker, supra, 25 Am. Jur.2d 11.

█ A writ of error coram nobis is a civil proceeding and no rule, statute, or constitutional provision requires the presence of the defendant. Peterson v. State, supra; 18 Am.Jur.2d, supra, § 26, p. 493.

The trial court was correct in denying an evidentiary hearing on movant's request for writ of error coram nobis. The judgment of the trial court should be affirmed. It is so ordered.

TITUS, C. J., and STONE, J., concur and concur in separate concurring opinion of BILLINGS, J.

BILLINGS, J., concurs in separate concurring opinion filed.

HOGAN, J., and CAMPBELL, Special Judge, dubitante.

BILLINGS, Judge (concurring).

I concur in the reasons and result of the principal opinion and desire to set forth some further observations in support of the lower court's ruling.

In recent years it has become rather standard practice to grant evidentiary hearings in coram nobis proceedings whenever the faintest assertion is made that a constitutional right was violated. I cannot agree with this practice and do not believe that the writ of error coram nobis, or, in the *nature* of a writ of error coram nobis, should be treated in basically the same fashion as a proceeding under Rule 27.26. The Missouri fountainhead for such cavalier treatment of this extraordinary remedy seems to be the case of State v. Stodulski, 298 S.W.2d 420 (Mo.1957), which followed dictum found in the earlier case of State v. Terrell, 276 S.W.2d 219 (Mo.1955) and the 5 to 4 decision of the United States Supreme Court in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247 (1953). In my

view Stodulski and subsequent decisions have tended to overlook the limitations explicit in both *Terrell* and *Morgan*.

In *Terrell* the movant (confined under a subsequent sentence) sought to vacate sentences and alleged he had not been represented by an attorney at the time he entered pleas of guilty. The trial court summarily denied the motion on the ground that the judgments recited that the defendant had appeared in person and by his named attorney. On appeal The Supreme Court treated the motion to vacate as an application for a writ of error coram nobis and in affirming the action of the trial court in denying movant relief without his presence or an evidentiary hearing, the late Judge Westhues wrote (276 S.W.2d 1.c. 220, 221): " . . . *We are of the opinion that the law does not permit a solemn finding of fact in a judgment of a court to be impeached by oral evidence* . . . ".

" . . . *If such a solemn finding can be set aside by a defendant on oral evidence dehors the record, then every judgment of conviction may be attacked and sought to be set aside. There would be an endless chain of litigation.*

. . . . . .

"Terrell insists he has the right by his present motion to reopen the case and produce oral evidence to show he was not represented by counsel. He cites the case of U. S. v. Steese, 3 Cir., 144 F.2d 439, wherein it was held that a case may be reopened by a motion in the nature of a writ of error coram nobis to show that a fundamental constitutional right was denied a defendant. We grant that to be correct. However, in that case the record was silent as to whether the defendant had been advised of his right to have legal counsel. The court did not hold that a specific finding of fact in a judgment could be set aside by oral evidence.

"This court in State v. Harrison, Mo., 276 S.W.2d 222, in speaking of the func-

tion of a writ of error coram nobis, said: 'The application is made to the trial court to correct errors of fact, not appearing on the face of the record, affecting the validity of proceedings *which errors of fact were unknown to the party now seeking relief* and to the court at the time of the disposition of the particular case, and which errors of fact, had they been known, would have prevented the rendition of the judgment.'" (emphasis added)

In *Stodulski* the court considered an application for a writ of error coram nobis in which the applicant was seeking to set aside prior convictions, already served, which had been used in applying what is now the Second Offender's Act (§ 556.280, RSMo., 1969, V.A.M.S.) in a subsequent conviction. In approving the use of coram nobis to attack a completed sentence the court relied upon the dictum in *Terrell* approving what had been ruled in United States v. Steese, supra, and the decision in United States v. Morgan, supra. As a consequence, a never-ending flow of cases have followed in which the courts of this state have prefaced their opinions with a statement that since the defendant had completed the sentence now attacked Rule 27.26 was not applicable and the motion would be considered as an application in the nature of a writ of error coram nobis.

As the principal opinion observes the writ by which appellant in the instant case seeks relief from his past conviction is not a writ of right. It is a writ which had as its origin "necessity" and initially emanated from the Chancery Courts, was adopted by the Common Law in civil proceedings, and subsequently used to attack criminal judgments.[1] Throughout its history it was necessary for the application for the writ to set out the *facts* on which the writ was sought and conclusions were insufficient to invoke this extraordinary remedy. Additionally, reasonable diligence on the part of one seeking such a writ was re-

1. Stephens, Principles of Pleading, 3rd Am.Ed. 142; and see cases and authorities collected in United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248.

quired and laches could constitute a bar to relief. 24 C.J.S. Criminal Law § 1606.

The majority opinion in United States v. Morgan, supra, recognized these principles in the following words (346 U.S. l.c. 511–513, 74 S.Ct. l.c. 252): "Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice. . . . [T]hat coram nobis included errors 'of the most fundamental character' . . . [A]nd sound reasons existing for failure to seek appropriate earlier relief . . ." The court concluded its opinion by saying "Although the term has been served, the results of the conviction may persist. Subsequent convictions may carry heavier penalties, civil rights may be affected . . ."[2]

Following the dictates of the federal courts Missouri has provided a legitimate method of post-conviction proceedings under Rule 27.26 and I would hold that convicted individuals desiring to raise constitutional questions concerning a judgment should be required to either raise such issues on direct appeal or by Rule 27.26. Further, that the failure to pursue these recognized remedies would constitute a deliberate by-pass of state procedure and laches would bar the invocation of an ancient and extraordinary remedy which has been illegitimatized into a modern-day mode of attacking a completed sentence. The willingness to permit the continued abuse of coram nobis has proven Judge Westhues to be prophetic in his *Terrell* statement that there would be an endless chain of litigation and has cast aside the principle voiced by the dissenting Justices in *Morgan* that there should be an end to litigation.

In the case at bar the appellant's motion and brief admit the trial court records of his earlier plea "appear substantially regular" but "without oral testimony he is without remedy". What appellant is seeking is a full-scale evidentiary hearing as under Rule 27.26 whereby he can, by oral testimony, seek to contradict and impeach the court records. Although in accepting appellant's 1967 guilty plea the trial judge did not go into the detail now required in federal courts, or strictly comply with Rule 25.04, it is evident to me that the judge was satisfied appellant's guilty plea was in fact voluntary. In addition, the judgment specifically recites " . . . [A]nd the Court states to the defendant that he has voluntarily entered his plea of guilty to the said charge . . ." What appellant seeks to do in this case is exactly what Judge Westhues held could not be done in *Terrell*.

If convicted defendants who have completed sentences are to continue to be permitted to deliberately by-pass Rule 27.26 then we should adopt the California rule that in coram nobis proceedings the trial court has broad discretion in deciding the outcome of such and only in a clear case of abuse of discretion will the appellate courts interfere. People v. Blevins, 222 Cal.App.2d 801, 35 Cal.Rptr. 438, 36 Cal. Rptr. 191 (1963); People v. Goodspeed, 223 Cal.App.2d 146, 35 Cal.Rptr. 743 (1963); People v. Quigley, 222 Cal.App.2d 694, 35 Cal.Rptr. 393 (1963).

In the comparatively recent decision of Stewart v. United States, 446 F.2d 42 (8th Cir. 1971) that court duly acknowledged the ruling of the Supreme Court in United States v. Morgan, supra, but observed that the ruling in Morgan permitted the extraordinary remedy of coram nobis "only under the circumstances compelling such action to achieve justice" and *held that the petitioner must demonstrate that he is suffering from present adverse circumstances in order to be entitled to that remedy,* cit-

---

2. Inherent in the court's decision in Morgan is the "enhancement of punishment" in subsequent prosecutions under what are commonly called habitual criminal acts. Since 1959 in Missouri enhancement of punishment no longer exists in prosecutions under the Second Offender's Act (§ 556.280). The judge, rather than the jury, assesses punishment upon a jury determination of guilty.

ing McFadden v. United States, 439 F.2d 285 (8th Cir. 1971). (emphasis added)

In the *McFadden* case the Circuit Court of Appeals affirmed the denial of a writ of error coram nobis to a petitioner who was incarcerated on subsequent convictions and sought to overturn completed sentences. He had alleged he had ineffective assistance of counsel following the earlier convictions because his attorney failed to inform him of his right to appeal in forma pauperis, and as a result he did not appeal. He further alleged he was presently suffering adverse consequences from not having had the earlier convictions reversed on appeal, because he was presently serving enhanced sentences imposed on him as a second offender following 1966 convictions. The District Court denied the writ for two reasons: (1) McFadden failed to allege any errors in his earlier trial calling for a reversal of his convictions on appeal, and, (2) the sentences imposed following the 1966 convictions were within the maximum sentence available for first offenders. In affirming, the Eighth Circuit Court of Appeals said (l.c. 287): "The Government primarily relies on the reasoning articulated by the District Court in denying McFadden's motion but also points out that McFadden has not complied with the requirements set forth in United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247 (1954), that petitioner must show sound reasons for failing to seek appropriate earlier relief before his motion in the nature of the extraordinary writ of coram nobis must be heard by the district court.

"*Morgan* is of course the landmark case. There the petitioner, who had completed a sentence for a federal crime, was convicted of a state crime and given an enhanced term as a second offender because of his prior federal conviction. He then attacked the federal conviction for lack of counsel. The Supreme Court held that relief under § 2255 and under Rule 35 was not availa-

ble, but that the district court had power to grant relief 'in the nature of a writ of error coram nobis' under 28 U.S.C. § 1651. However, the Court stressed that '[c]ontinuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice.' 346 U.S. at 511, 74 S. Ct. at 252.

"In construing *Morgan,* this Court has held that 'error coram nobis relief should not be granted except under compelling circumstances' and that the writ was designed only to correct errors of the most fundamental character. Gajewski v. United States, 368 F.2d 533, 534 (8th Cir. 1966), cert. denied, 386 U.S. 913, 87 S.Ct. 865, 17 L.Ed.2d 786 (1967). We denied the writ in *Gajewski,* but granted the writ in Deckard v. United States, 381 F.2d 77 (8th Cir. 1967), upon a proper showing of a basis for relief and a showing of outstanding adverse legal consequences from the conviction. The latter showing was necessary to give the federal district court jurisdiction of an application in the nature of coram nobis. United States v. National Plastikwear Fashions, Inc., 368 F.2d 845, 846 (2d Cir. 1966), cert. denied, Greene v. United States, 386 U.S. 976, 87 S.Ct. 1171, 18 L.Ed.2d 136 (1967).[3] The constitutional error in Deckard was fundamental, there were compelling circumstances to grant relief in order to achieve justice, and these errors and circumstances were articulated by the petitioner in his application for the writ.

"We conclude petitioner's claim that he was denied his right to appeal does not present an error of the most fundamental character since his petition does not set forth a single ground calling for a reversal of his 1957 convictions. Petitioner has also failed to show that he is suffering outstanding adverse legal consequences

3. In United States v. National Plastikwear Fashions, Inc., the petitioner sought coram nobis relief from a 12-year-old one month sentence for criminal contempt. The court held the allegations failed to show any outstanding adverse legal consequences from the conviction and sentence.

from these convictions. There is substantial doubt that even a successful appeal of McFadden's 1957 convictions would redound to his benefit, since his 1966 sentences were within the permissible limits of sentencing him as either a first or second offender and any loss of civil rights flowing from the 1957 convictions now flow with equal force from the 1966 convictions. Finally, McFadden has failed to state sound reasons for not seeking appropriate earlier relief. Kiger v. United States, 315 F.2d 778, 779 (7th Cir.) cert. denied, 375 U.S. 924, 84 S.Ct. 270, 11 L.Ed.2d 166 (1963)."[4]

In addition to the reasons advanced in the principal opinion for the denial of relief to appellant I would hold that there has not been a showing that appellant is suffering from present adverse circumstances as a result of his 1967 conviction[5] and he has failed to state sound reasons for not seeking appropriate earlier relief.

4. Kiger v. United States reaffirmed the narrow scope of review for coram nobis relief and held petitioner had failed to show "sound reasons * * * for failure to seek appropriate earlier relief."

5. In case No. 9272, State of Missouri vs. David McCullough, pending in this court, appellant appeared as a witness and testified he was presently incarcerated in the Missouri State Penitentiary under a 1971 sentence from Phelps County.