**Curtis MCQUEEN, Petitioner–Appellant,**

v.

**SAGINAW COUNTY, MI., Respondent–Appellee.**

No. 01–2324.

United States Court of Appeals, Sixth Circuit.

Oct. 21, 2002.

Before BOGGS, SUHRHEINRICH, and CLAY, Circuit Judges.

Curtis McQueen, a pro se Missouri prisoner, appeals the district court's order denying his petition for a writ of error coram nobis. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1989, McQueen pleaded guilty in a Michigan state court to a felony charge of malicious destruction of police property. He was sentenced to 365 days in the county jail with work release, a sentence which has been fully served.

On April 26, 2001, McQueen filed a coram nobis petition, as a pauper, and challenged his Michigan conviction on the ground that he was not represented by counsel at a hearing in which the conviction was to be expunged in fulfillment of the plea agreement. McQueen also alleged that his Missouri conviction was enhanced based on the Michigan conviction. The district court sua sponte dismissed the petition for lack of jurisdiction because it was not the court which had pronounced judgment. This appeal followed; McQueen moves for miscellaneous relief.

Upon de novo review, we conclude that the district court properly dismissed the petition as neither the All Writs Act nor the common law writ of error coram nobis serves as a basis for relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). The All Writs Act provides the vehicle by which the federal courts may issue writs in exercise of their clearly delineated jurisdiction, but the Act does not amount to an independent jurisdictional grant in the absence of an express statutory grant of subject matter jurisdiction. *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir.1970).

Jurisdiction likewise does not lie under the writ of error coram nobis. This writ was used at common law to correct errors of fact, *United States v. Morgan*, 346 U.S. 502, 507, 74 S.Ct. 247, 98 L.Ed. 248 (1954), and a petition for a writ of error coram nobis must be presented to the court that pronounced judgment over the petitioner. *Spaulding v. United States*, 155 F.2d 919, 920–21 (6th Cir.1946). The district court obviously was not the court that sentenced McQueen to his confinement for his Michigan conviction. Thus, the district court lacked jurisdiction.

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.